## Persse *et al. vs.* Cole.

Where this court sees clearly and beyond all doubt that the rejection of proper, or the admission of improper evidence, could in no way materially affect the result, the judgment of an inferior court will not, on that ground, be disturbed.

A. purchased of the plaintiffs in the city of New York certain merchandise, and gave his promissory note payable in six months for the purchase money. The goods were shipped for San Francisco, and, by the bill of lading as well as by the agreement of the parties, were deliverable to the order of the *shippers ;* but they were were insured for and on account of A.; at the time of the purchase, he received a bill of sale, gave his note for the purchase money, and took a receipt for its payment, and the acts of the plaintiffs in New York, and of their agent in San Francisco upon the arrival of the goods there, as well as the conduct of A. indicated that all parties considered the transaction as a sale of the goods to A., subject to the right of the plaintiffs to retain possession until the payment of the note given by A. :— *Held,* in an action by the plaintiffs against the master of the vessel on which the goods were shipped, to recover the market value thereof at San Francisco, on account of his having delivered them to A. without the orders of the shippers, that the transaction between the plaintiffs and A. was a *sale*, and transferred to the latter the *property* in the goods, subject to a *lien* thereon for the *purchase money* in favor of the plaintiffs, and that the master of the vessel was liable to the plaintiffs only for the value of the plaintiffs' property in the goods with interest.

Instead of remanding a cause for a new trial, where the judgment below is erroneous, this court will so modify it as finally to settle the controversy, when the rights of the parties appear from the record to be fully ascertained.

APPEAL from the superior court of the city of San Francisco. The facts are stated in the opinion of the court.

*By the Court,* HASTINGS, Ch. J.   The respondents, residents of New York, on the 10th day of December, 1849, sold to one Augustus Belknap twenty-six boxes of paper for the sum of $1498,63 payable by promissory note at six months.   The boxes were shipped by respondents on the ship *Washington,* for San Francisco, of which the defendant Cole was master, to be delivered at San Francisco to the order of the shippers.   Belknap having paid most of the freight of the *Washington,* the defendant delivered the boxes to him.   The agent of the plaintiffs, to whose order the goods were ordered to be delivered, holding the bill of lading, subsequently tendered to defendant the freight and demanded the delivery of the boxes.   This action was brought for the value of the goods, and a judgment was recovered for the full value thereof at the port of delivery ; from which an appeal is prosecuted to this court.

Whether the court erred in allowing testimony to contradict the witness Belknap, and in finally ruling out the testimony of Belknap, is not material, inasmuch as we do not think the result would be changed by the admission of Belknap's testimony.

The facts appear to be (with or without Belknap's testimony) that the plaintiffs were not willing at the time of the sale to Belknap to give the credit without security, and therefore shipped the boxes to be delivered to their agent.   The goods were insured for Belknap, and shipped on his account and for his benefit, and he was considered both by the plaintiffs and their agent as the owner, as is shown from the purchase, the execution of the note, the receipt of plaintiffs to Belknap, and the admissions and conduct of the agent after the ship's arrival at San Francisco ; but it is equally clear that plaintiffs did not intend to part with possession until the note was paid.

It was a sale then to Belknap, subject to a lien on the goods for the purchase price.   It is conceded that if Belknap was the owner, and plaintiffs had no property in the goods, the action could not be sustained; but it is contended that the plaintiffs

were the owners in possession, and that the master is liable on his bill of lading for the value of the goods in the market of San Francisco. We think the defendant was liable in this action, not for the value of the goods, but for the value of plaintiffs' property in them. Being the property of Belknap, subject to a lien to secure the purchase price of $1498,63, the defendant was responsible to that amount. The judgment should, therefore, be for that sum, with interest at 7 per cent. per annum from the time when the note matured. The judgment of the superior court is modified, and reduced to the sum of $1498,63, with interest at 7 per cent. per annum from the maturity of the note.

Ordered accordingly.