ENOCH WILLEY vs. V. P. MORROW, McDONALD AND WIFE.

. If a party, by an oral contract, sell a tract of land to another and the contract is so far consummated as to entitle his purchaser to a specific performance of the contract, and afterwards fraudulently conveys the land to a third party, such vendor is liable to the first purchaser in damages to the amount of the value of the land at the time of such fraudulent conveyance.

PETITION FOR RE-HEARING. Findings of fact, by the judge below, answer to a special verdict, while the conclusions of law are in the nature of a general verdict.

Special findings of fact, being inconsistent with the general verdict, the former should control under our practice act; all the facts of a case, being before this court on appeal, it may render such judgment as the District court should have rendered. Such practice prevails in California.

TAXATION OF COSTS. When a judgment is affirmed as to one of the appellees, such appellee is entitled to recover costs to the extent of statutory attorney fee, and disbursements for brief against the appellant, but not against his sureties.

Appeal from Second District holding terms at Olympia.

*John P. Judson* for appellant.

*B. F. Dennison* for appellee.

Opinion by WINGARD, Associate Justice.

This was a suit brought by plaintiff in error, who was plaintiff below, to compel the specific performance of a parol agreement to convey certain real estate.

There is no testimony brought to this court by the record, and the findings of fact, by the judge of the District court, are taken by this court to be the true facts of the case; and they are as follows, substantially, to wit:

1. That in August, 1867, the defendant, Morrow, owned and possessed the land described in plaintiff's bill.

2. That he owned the same by virtue of settlement, under the "Donation Act" of September 27, 1850, and amendments.

3. That he was a *bona fide* settler, and was entitled, on final proof, to a patent for the land.

4. That on——day of August, 1867, he made final proof, and received his patent.

5. That in August, 1867, he entered into an agreement with plaintiff, to sell and convey to him, said land, for $100.

6. That afterwards plaintiff paid Morrow $100.00 with interest at 10 per cent. per year, from the date of said agreement, in full satisfaction for the land.

7. That in the fall of 1867, pursuant to said agreement,

Morrow let plaintiff, and plaintiff entered into full, open, (not clandestine) and quiet possession of said land.

8. That plaintiff continued in full, open and quiet possession of said land, and exercised occasional acts of ownership in removing crops, pasturing cattle and repairing fences on the same, until the deed to McDonald was made by Morrow.

9. That Morrow has hitherto neglected and refused to give plaintiff any deed for said land.

10. That Morrow in 1873, long after the payment by plaintiff of the $100.00 to him, agreed with McDonald to sell and convey the same land, in consideration of McDonald paying the costs and expenses incident to making final proof in the land office.

11. That pursuant to said agreement, Morrow made the final proof in April or May, 1873, and before the 19th of the latter month.

12. That pursuant to said agreement, McDonald paid all costs and expenses of final proof.

13. That Morrow on the 19th of May, 1873, delivered to McDonald a deed for said land.

14. That McDonald had said deed recorded in May, 1873, in Mason county, Washington Territory.

15. That at the time of making the agreement in the 10th finding mentioned, the possession of said plaintiff of the land was not actually known to McDonald.

16. That at the time of the making of the agreement in the 10th finding mentioned, the plaintiff's possession of said land was not, nor was it at any time afterward notorious or manifest to the world.

17. That McDonald had no actual notice of any of the facts found in fifth, sixth and seventh findings above, nor of plaintiff's claim of title to said land or to the possession of it, nor of any other fact sufficient to put him on inquiry, before McDonald had paid the costs, etc., of said final proof.

18. That after payment of said costs, etc., and before

the delivery to him of the deed by Morrow, McDonald had full actual notice of the facts found in the fifth, sixth and seventh findings and of plaintiff's title to, and possession of said land.

19.   That Morrow has been guilty of fraud in agreeing to sell to plaintiff, as heretofore found, and afterwards selling and making a deed to McDonald.

20.   That all the acts were done and the parties resided in Washington Territory.

21.   That said land at the date of the deed to McDonald, was reasonably worth $1000.

22.   That Mary McDonald is the wife of Thomas McDonald.

On the foregoing facts, the judge found, as conclusions of law:

1.   That plaintiff's bill should be dismissed as against defendants, Thomas McDonald and Mary, his wife, and that they have their costs.

2.   That said plaintiff should have and recover of, and from defendant, V. P. Morrow, the sum of $100.00 with interest at the rate of *ten per cent. per annum*, from the 31st day of August, 1867, up to the day on which a final decree shall be entered herein, as damages for the failure by said Morrow specifically to perform on his part, his agreement found in the fifth finding of fact, and that plaintiff have and recover from said Morrow, his costs therein.

These conclusions of law are complained of by the plaintiff in error, as erroneous from the facts found by the judge.

On the question as to whether McDonald, on the facts found, is entitled to be considered as a *bona fide* purchaser, for value without notice, this court is divided, but as there is nothing which indicates an abuse of discretion in the court below, we affirm the finding on the first proposition of law, viz: that plaintiff's bill be dismissed as against defendants, Thomas W., and Mary McDonald, especially as it is no where alleged, nor does it appear that the plaintiff may not be made whole by the recovery of damages from defendant Morrow.

We are unable to see how the learned judge of the District court, upon the 19th and 21st findings of fact, should arrive at his second conclusion of law.

We think, that having found that Morrow was guilty of fraud, as stated in the 19th finding, the settled rule of damages would be the value of the land at the time of the breach of contract.

That value was found to be $1000.

The second conclusion of law, of the court below, is therefore modified to stand as follows, to wit: "That said plaintiff, Enoch L. Willey, should have and recover of, and from said defendant, V. P. Morrow, the sum of $1000 with interest at the rate of *ten per cent. per annum*, from the 19th day of May, 1873, until paid, as damages for the failure by the said V. P. Morrow, specifically to perform, on his part, his agreement with the plaintiff, as in the fifth finding mentioned, and that said plaintiff have and recover from said Morrow, his costs herein; and it is ordered that a decree be entered in this court in conformity with the foregoing conclusions of law.

PETITION for a re-hearing.

Opinion by LEWIS, Chief Justice.

Several grounds are stated for a re-hearing.

There is no doubt but it was the exclusive province of the District court to assess the damages in this cause, so also it was its duty to find the facts. Civil Practice Act, Section 248.

But the judgment on the decision shall be entered accordingly; that is, in accordance with the findings. *Ibid.*

In giving its *decisions*, the facts found and conclusions of law shall be separately stated.

The *decision* then is the findings of *law and fact*, and the judgment must be in accord therewith.

The *findings* of the court upon the *facts* shall be deemed a verdict. Practice Act, Section 249.

The findings of fact, therefore, are in the nature of a spe-

cial verdict, and the conclusions of law are in the nature of a general verdict.

A special verdict is where the jury find the facts and leave the judgment to the court. Practice Act, Section 242.

When special findings of fact shall be inconsistent with the general verdict, the *former shall control.* Practice Act, Section 245.

Upon the special finding of fact in this cause, the judgment of the District court was erroneous. The general verdict was not in accord with the fact.

The error was one of law as to the measure of damages.

All the facts were before the court below, so also, *all of the facts are before this court.*

The findings of the District court constitute *all* the facts of the case.

The error insisted on here is, that upon the facts so found, the judgment should have been for $1000.

This writ of error brings the cause here for re-examination solely upon errors of law.

The findings of the District court are here by proper exceptions.

Morrow makes no complaint as to the judgment of the District court, but Willey makes special complaint and is here to have the errors corrected.

There is no question but that the court below mistook the law in the assessment of damages.

The only questions here made are whether this court can correct this error here, and render such judgment as the District court should have rendered on the facts before it.

The same facts and all the facts in the case being before us, and if we can so do, should we so correct this judgment, or transmit the record to the District court with a mandate to enter such judgment.

Our statute provides that the judgment complained of may be affirmed, or may be reversed or set aside in whole or in part,

or may be modified, or a different judgment may be substituted for that complained of. Civil Practice Act, Section 449.

These provisions give to this court much discretion in the matter, and the power to modify and change the judgment seems to be ample.

In all cases wherein *all* of the facts are not before appellate court, the correct rule would be to remit the cause to the District court for further proceedings.

In this cause, however, all of the facts are before us.

The statute of California is in substance the same as ours, and the Supreme court of that state have construed their statute.

Instead of remanding a cause for a new trial where the judgment below is erroneous, this court will so modify it as finally to settle the controversy when the rights of the parties appear from the record to be fully ascertained. *Presse vs. Cole*, 1 Cal., 369.

A judgment will not be reversed for error therein which the record enables the *appellate* court to *fully* correct; the judgment will be modified and affirmed. *Water Co., vs. Fluming Co.*, 22 Cal., 620.

The whole of the facts in this cause have been ascertained, and the rights of the parties must be determined from these facts.

These rights are fixed by law; no new findings are necessary to enable a court to make the assessment of damages.

Were the cause remanded to the District court, the order would necessarily be to that court to enter a judgment for the value of the land at the time of the breach of contract by Morrow.

Such value has been found and is fully stated in the findings.

The law requires no vain things to be done.

There can be no possible necessity for remanding the cause; no new trial has been asked for either in District or Supreme court.

No necessity for one is manifest.

The statement of Morrow that he can produce evidence to show that the land was worth no more than $200 at time of breach, can have no weight with us.

The value of the land was one of the issues in the District court, and its finding therein is conclusive.

We think this case is exactly within the rules laid down in the California cases above cited, and those rulings are correct in principle.

The application for a re-hearing must be denied.

Taxation of costs.

Opinion by Lewis, Chief Justice.

Two questions have been presented in this cause as to the judgment and costs here.

This writ of error was prosecuted by Willey against all of the defendants, and a reversal claimed, both as to the decree dismissing the bill as against McDonald, and the judgment against Morrow.

McDonald was brought here by Willey, and the judgment and decree of the court below have been affirmed as in favor of McDonald, who has prevailed here as against the plaintiff in error.

McDonald, therefore, is here entitled to the following costs to be taxed against plaintiff in error, to wit:

An attorney's fee of $15.00; disbursement for brief, $15.00.

The defendant, McDonald, also asks that this judgment be entered against the sureties on the bond here given by Section 438 of the Practice Act.

The object and purpose of this bond is to stay proceedings in the District court, and to secure the payment of all costs and damages, and such judgment as this court may render.

It is manifest that there is a typographical error in this section. The corresponding section in the statute of 1869, contains the word "if" at the beginning of the section.

No bond is necessary unless a *supersedeas* is required.

We have made careful examination and conclude that we have no authority to render such judgment against the sureties.

The judgment will be only against plaintiff in error.

All costs, not so taxed against plaintiff in error, will be taxed against the defendant, Morrow, including brief and attorney fees.