[Civ. No. 1048.    First Appellate District.—September 23, 1912.]

# HARRON, RICKARD & McCONE, a Corporation, Respondent, v. H. C. CUTTING, Appellant.

LEASE OF MACHINERY—RENTAL IN MONTHLY INSTALLMENTS—CONDITIONAL OPTION TO PURCHASE AT END OF TERM.—Where a lease of machinery provided for the payment of a total rental in seven equal monthly installments, and that upon strict performance by the lessee the lessee shall have an option to purchase by a small additional payment, with a proviso for forfeiture of the right to purchase if the lease payments are not paid as agreed, the contract is one of lease and not of sale, and upon default of the lessee after making the first payment, the lessor may sue to recover the unpaid rent.

ID.—TENDER OF BILL OF SALE UNNECESSARY IN ACTION FOR UNPAID RENT.—Where the contract does not require a tender of a bill of sale in the action for the unpaid rent, even if it be considered in the nature of a breach of the contract both of lease and purchase, such tender of a bill of sale would be unnecessary before bringing the suit. Inasmuch as the lease agreement requires no formal document evidencing the transfer of title, cases arising on real estate transactions have no application.

ID.—PROVISION FOR FORFEITURE OF RIGHTS OF LESSEE—TERMINATION OF LEASE—RIGHT OF POSSESSION BY LESSOR—BENEFIT OF LESSOR—ELECTION.—A provision in the lease that upon the failure of the lessee strictly to keep and perform any of the covenants of the lease, "the instrument shall be deemed canceled and of no further effect as against the lessor," and that "all rights and interests of the lessee in and to said property shall cease," and "the lessor shall be entitled to take into its possession all of said property," is for the benefit of the lessor, and the contract is only void as to the lessee at the election of the lessor. The lessee cannot claim that by breach of the lease it was canceled and of no further effect as to him, and that the lessor cannot sue him thereon.

ID.—OPTION OF LESSEE—CONDITIONAL PROMISE—WILL OF PROMISOR.—If the lessee had the option to terminate the lease for his breach of the same, it would result in a destruction of the contract at his will, and a promise by the lessee which is made conditional upon the will of the promisor would be of little or no value, since one who promises to do a thing only if it pleases him is not bound to perform it at all.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.    Jas. M. Troutt, Judge.

.The facts are stated in the opinion of the court.

Wm. H. H. Hart, for Appellant.

Chickering & Gregory, for Respondent.

KERRIGAN, J.—This is an appeal from a judgment against the defendant and from an order denying his motion for a new trial.

The action was brought to recover the accrued monthly rentals due upon a lease contract of personal property.

On February 21, 1908, plaintiff and defendant entered into a lease, by the terms of which the plaintiff leased to the defendant for the period of seven months a set of bending rolls, at a total rental of $710.85, payable in seven equal monthly installments of $101.55, commencing with the first day of April, 1908. The instrument among other things provided "that upon the failure of the lessee strictly to keep and perform any of the covenants or promises by him agreed to be performed, then and thereupon, without any notice, this instrument shall be deemed to be canceled and of no further effect as against the lessor, and all rights and interests of the lessee shall cease, and all rent by the lessee theretofore paid shall belong to the lessor as full payment for the prior use of said property; and the lessor shall be entitled to take into his possession all said property." The document further provided that "said lessor further agrees that upon strict performance by the lessee of the foregoing covenants and promises by him to be kept and performed, he shall then . . . have the right to purchase said property by the prompt payment to the lessor of the sum of two (2) dollars."

Defendant made the first payment, and the plaintiff, having waited until the time for the other payments had elapsed, and none of them having been made, although often demanded, commenced this action for the balance claimed to be due.

Defendant asserts that the instrument which is the basis of this action is not a lease, but a contract of sale; and that as no bill of sale of the property was ever tendered, the action cannot be maintained; and that moreover, whether the instrument be construed as a lease or a contract of sale, the defendant is not liable, because of the provision therein that .upon

the failure of the defendant to make any monthly payment the contract became terminated.

The instrument in question is a lease. It was so held in an action brought by the same plaintiff against Wilson, Lyon & Co., reported in 4 Cal. App. 488, [88 Pac. 512], where this court passed upon an instrument identical in form with the one here. There the court, in the course of its opinion, said that the defendant took and retained possession of the property, and no question of the title or possession of the property was involved; that the court was merely called upon to construe an instrument and determine the rights of the parties arising thereunder. The instrument was designated a lease, and that as its terms were peculiarly appropriate to instruments of hiring and lease, and as it conferred upon the defendant no right in the property except to use it, and expressly imposed upon it an obligation to pay the plaintiff for such use, it must be construed as a lease. The court, continuing, said that the other terms of the instrument restrictive of the manner in which the defendant might use the property were inconsistent with its ownership by the defendant; and the provision giving the defendant the right to purchase the property for a small sum of money furnished additional grounds for holding the instrument to be a lease.

In the case at bar no matter set forth in the answer and no evidence introduced at the trial has any tendency to show that a sale of the property was intended rather than a lease; and therefore this case comes squarely within the doctrine of the one just cited.

Even if we could regard this as an action for the breach of a contract to purchase, still as the instrument does not require the plaintiff to tender a bill of sale, such tender would not be necessary before bringing suit. Contracts for the sale of real property are usually construed so that the tender of a deed and the payment of the last installment of the purchase price are regarded as concurrent obligations; but obviously the lease agreement here requiring the execution of no formal document evidencing the transfer of title, cases arising on real estate transactions have no bearing upon the present question.

Defendant also asserts that it was optional with him **to** terminate the agreement by failing to pay any monthly in-

stallment; that upon his failure to pay the second installment the contract was canceled and of no further effect. It is true that one of the clauses of the lease provides that upon the failure of the lessee strictly to keep and perform any of the covenants of the lease the "instrument shall be deemed canceled and of no further effect as against the lessor"; that "all rights and interests of the lessee in and to said property shall cease," and that "the lessor shall be entitled to take into its possession all of said property." But this provision was inserted in the lease contract for the benefit of the lessor; and, according to all the decisions on the subject, the contract is void only as to the lessee at the election of the lessor. "Clearly, appellant misconstrues the force of the language upon which it relies. The language means that by a violation of the terms of the contract the rights of the party violating it cease, and as to that party and to that extent the agreement becomes void and of no effect. It would be a very unreasonable construction to give the language the meaning for which appellant contends. It would work the destruction of the contract itself, and leave the solemn writing as the expression of the mere whim of the parties, for a 'promise which is made conditional upon the will of the promisor is generally of no value, for one who promises to do a thing only if it pleases him is not bound to perform it at all.'" (*Central Oil Co.* v. *Southern Refining Co.*, 154 Cal. 165, [97 Pac. 177]. See, also, *Wilcoxson* v. *Stitt*, 65 Cal. 596, [52 Am. Rep. 310, 4 Pac. 629].)

There were no errors in the admission of evidence.

The judgment and order are affirmed.

Hall, J., and Lennon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 22, 1912.

Beatty, C. J., dissented from the order denying a rehearing in the supreme court.