[Civ. No. 2965. Second Appellate District, Division Two.—August 15, 1919.]

## CARLETON F. BURKE, Appellant, v. I. H. NORTON et al., Respondents.

[1] LANDLORD AND TENANT — RETAKING OF PREMISES — RELEASE OF LESSEE.—The retaking of the premises by the lessor releases the lessees from subsequently accruing rents, unless the lease expressly provides otherwise.

[2] ID.—RIGHT OF ENTRY RESERVED—OPTION TO TERMINATE LEASE— NOTICE TO PAY RENT OR SURRENDER POSSESSION—FORFEITURE OF LEASE.—Where a lease provides that "if the said lessees shall fail to pay the rental aforesaid when the same becomes due and payable, or if they fail to keep, observe, or perform any other covenant, condition or obligation of this lease on their part to be kept or performed, the lessor shall have the right *to enter* into possession of the demised premises and to remove all persons and property therefrom, *and, at his option, to terminate this lease.* It is further understood that each and all of the remedies given to the lessor hereunder are cumulative; and that *the exercise of one right or remedy by the lessor shall not impair his right to any other remedy,"* in an action brought to recover delinquent rent, attorney's fees, damages, and restoration of the premises, following failure of the lessees to comply with a notice to pay said rent or surrender

---

1. Effect of re-entry clause in lease, notes, 127 **Am. St. Rep.** 85; 42 **L. R. A. (N. S.)** 1087.

possession, the court errs in declaring a forfeiture of the lease, the plaintiff not having elected to declare a forfeiture.

[3] ID.—DEPOSIT BY LESSEES AS SECURITY—ACTION BROUGHT PRIOR TO TERMINATION OF LEASE—APPLICATION OF DEPOSIT TO SATISFACTION OF JUDGMENT.—Where such lessees had paid to the lessor a given sum "as security for the faithful performance by said lessees of each and all of the terms and covenants and conditions" of the lease, and in the lease it was agreed "that in the event that said lessees shall fail to keep and perform each and all of the terms and covenants and conditions," said sum of money, "or such portion thereof as may be necessary, shall be retained by said lessor and applied by him on account of the damages sustained by reason of the failure of said lessees to faithfully perform any of the conditions herein contained on their part to be performed," the court, in such action brought prior to the termination of the lease, properly ordered the application of such sum to the settlement of the judgment.

[4] JUDGMENT—APPEAL—RIGHTS OF PARTIES ASCERTAINED—MODIFICATION OF JUDGMENT.—Where, on appeal, it conclusively appears that the rights of the parties have been fully ascertained, and that the trial court simply erred by the entering of an erroneous judgment, it is the duty of the appellate court to modify the judgment so as to finally settle the controversy, and render another trial unnecessary.

APPEAL from a judgment of the Superior Court of Los Angeles County. H. D. Gregory, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

Newlin & Ashburn and Eugene D. Williams for Appellant.

Haas & Dunnigan for Respondents.

THOMAS, J.—This is an action brought to recover rent, attorney's fees, damages, and restoration of the premises held by the defendants, I. H. Norton, H. Joe Isaacs, and M. M. Norton, under a certain lease entered into by them with the plaintiff on July 12, 1912, for a period of seven years and

3. Deposit by tenant to secure performance of stipulations contained in lease as penalty or liquidated damages, note, 19 Ann. Cas. 215.

Landlord's right to retain advance payment of rent on re-entry for condition broken, note, Ann. Cas. 1915B, 613.

three months, commencing October 1, 1912, and ending December 31, 1919, at a total rental of $179,925, payable in certain installments. The defendants entered into possession of the premises, and either themselves, or by subtenant, remained in possession thereof until the filing of the suit.

Rent for the months of June, July, and August, 1915, amounting in all to $5,520, was not paid when due, or at all. On July 27, 1915, the plaintiff caused to be served on defendants a notice requiring that within twenty days they pay said rent or surrender the possession of the premises; and also caused to be served upon defendant another notice, in similar terms, except that it was required that within three days they pay said rent or surrender possession of the premises. The defendants did neither. Thereafter, and on August 20, 1915, this action was filed. Default of all the defendants, except the three above named, with whom the lease was made, having been regularly entered, and said defendants having answered, trial was had, and judgment rendered for plaintiff in the sum of $5,770, including $250 attorney's fees. The judgment also provided that "the said judgment is subject to a credit of five thousand dollars, and subject to another credit of $175." It also contained the further provision, "that the agreement of lease entered into between the plaintiff and the defendants I. H. Norton, H. Joe Isaacs and M. M. Norton on the fifth day of July, 1912, be forfeited by the defendants and terminated as of date of August 31, 1915." With the two last-quoted provisions plaintiff is dissatisfied, and because thereof appeals from the said judgment and the whole thereof.

Appellant urges two points for reversal of the judgment here: (1) That "the court erred in declaring a forfeiture of the lease"; and (2) that "the court erred in ordering that the sum of five thousand dollars (held by plaintiff as security for the performance of the conditions of the lease, and to be applied in payment of rent reserved for the last two months of the lease) should be applied in satisfaction of the judgment." The appeal is by the alternative method. The record consists only of the transcriptions of the clerk and reporter, and appellant's opening brief. The points submitted to us, therefore, are purely questions of law. Did the trial court err?

Appellant concedes that in certain cases such forfeiture of the term is properly declared as part of the judgment, but

insists that, under the terms of the lease here involved, no
forfeiture was worked by the bringing of the unlawful de-
tainer suit; and that in the absence of an election by plain-
tiff to declare a forfeiture, and a prayer for a decree to that
effect, none occurred or could properly be adjudged. In this
action the complaint did not demand a forfeiture of the lease,
nor was the question of forfeiture at all within the issues as
made by the pleadings.

By the lease it was provided that ''it is further expressly
understood and agreed that each and all of the provisions of
the lease are conditions precedent, to be faithfully and fully
performed by said lessees to entitle them, or any of them to
continue in possession of said premises; and if the said lessees
shall fail to pay the rental aforesaid when the same becomes
due and payable, or if they fail to keep, observe or perform
any other covenant, condition or obligation of this lease on
their part to be kept or performed, the lessor shall have the
right *to enter* into possession of the demised premises and to
remove all persons and property therefrom, *and, at his option,
to terminate this lease.* It is further understood that each and
all of the remedies given to the lessor hereunder are cumula-
tive; and that *the exercise of one right or remedy by the lessor
shall not impair his right to any other remedy;* and the
lessees hereby waive all claim for damages that may be caused
by the lessor in re-entering and taking possession of said
premises as herein provided, and all claims for damages that
may result from the destruction or injury of or to said prem-
ises or buildings thereby, and all claims for damages to, or
loss of such property belonging to the lessees or any of them,
or any other person, firm or corporation as may be in or
upon the premises at the time of such re-entering.''

Did the trial court treat the phrases we have italicized in
the provisions of the lease quoted above as having no force
or effect? If so, what was the reason? Confronted with these
provisions in the lease, can it be successfully maintained that
the entry into possession and the removal of all persons and
property from the leased premises—assuming such to have
been done—would terminate the lease, without some other
act on the part of the lessor indicating his election to avail
himself of ''*his option to terminate the lease*''? Do the pro-
visions of section 791 of the Civil Code, under which this
action was brought, manifest any intention to affect, limit,

or control in any respect the terms or provisions of such a lease as the one involved in the case at bar? Is it not a question of construction to be arrived at from the language of the lease, as to whether it was the intention of the parties that a re-entry, by virtue of legal proceedings or otherwise, should of itself constitute an election to declare a forfeiture of the term? The answers to the foregoing questions are, we think, obvious.

To affirm the judgment of the trial court would, it seems to us, be tantamount to saying that the bringing of such an action as this constitutes a conclusive election to declare a forfeiture, and hence, that the provisions of the lease involved here, which are quoted above, are rendered nugatory for the reason that the landlord is deprived of any expeditious or efficacious remedy for carrying out the terms of the lease as written. This we do not understand to be the law. Are the provisions referred to obnoxious to equity or to public policy? We think not. We are of the opinion that the construction placed upon the lease by the trial court converts the lease into something other and different than the parties themselves intended. The entry by plaintiff here was an entry "by virtue of the expressed provisions of said lease," and is perfectly good, unless such entry is prohibited by some law to which our attention has not been called.

[1] As we understand it, the rule is that "the retaking of the premises by the lessor releases the lessee from subsequently accruing rents, *unless the lease expressly provides otherwise.*" (*Watson* v. *Merrill,* 136 Fed. 359, [69 L. R. A. 719, 69 C. C. A. 185]; *Grommes* v. *St. Paul Trust Co.,* 147 Ill. 634, [37 Am. St. Rep. 248, 35 N. E. 820]; 1 Taylor on Landlord and Tenant, 8th ed., secs. 377, 378; 2 Wood on Landlord and Tenant, 2d ed., sec. 477.) [2] A very complete and, we think, a fair discussion of the subject is contained in the second case just cited. The court in that case, among other things, said: "There is nothing illegal or improper in an agreement that the obligation of the tenant to pay all the rent to the end of the term shall remain, notwithstanding there has been a re-entry for default; and if the parties choose to make such an agreement, we see no reason why it should not be held valid as against both the tenant and his sureties." We think this language is applicable to the case at bar. To hold otherwise, it seems to us,

would be to place a lessee in a position to retain the premises without the payment of rent, and to compel the lessor to rely wholly upon the financial responsibility of the lessee and seek his rent from month to month by action, or to wholly terminate the lease, either of which would be less advantageous to the landlord than the right to re-enter and, if necessary, to relet the premises, looking to the lessee for only that portion of the rental reserved which represents the difference between what the landlord could obtain from any person upon such reletting and the total monthly rental. We do not hesitate to say that a construction which would thus permit a lessee to determine his own liability is, as we understand them, repugnant to the decisions of this state. (*Belloc* v. *Davis,* 38 Cal. 242; *Wilcoxon* v. *Stitt,* 65 Cal. 596, [52 Am. Rep. 310, 4 Pac. 629] ; *Smith* v. *Mohn,* 87 Cal. 489, [25 Pac. 696] ; *Bandbury* v. *Arnold,* 91 Cal. 606, [27 Pac. 934] ; *Freeman* v. *Griswold,* 4 Cal. Unrep. 256, [34 Pac. 327] ; *North Stockton etc.* v. *Fischer,* 138 Cal. 100, [70 Pac. 1082, 71 Pac. 438] ; *Central Oil Co.* v. *Southern Refining Co.,* 154 Cal. 165, [97 Pac. 177] ; *Reed* v. *Hickey,* 13 Cal. App. 136, [109 Pac. 38] ; *Harron* v. *Cutting,* 19 Cal. App. 780, [127 Pac. 827].) From what we have said, it follows that the court erred in declaring a forfeiture of the lease.

[3] It is urged by appellant that, there having been no forfeiture of the lease presented by the issues as framed by the pleadings, and none demanded by the plaintiff, and further, that the bringing of this action did not constitute a termination of the term or of the lease, and that hence there was no forfeiture of the lease, it follows that the court erred in ordering the application of the sum of five thousand dollars, held by appellant under the terms of the lease, to the settlement of the judgment, because by such action the plaintiff was deprived of a valuable security, to which he was entitled under the specific terms of the lease. With this contention we are unable to agree. By clause "Nineteen" of the lease referred to, it is provided that: "It is hereby mutually covenanted and agreed that said lessees have paid to said lessor the sum of Five Thousand ($5000.00) Dollars as security for the faithful performance by said lessees of each and all of the terms and covenants and conditions herein contained on the part of said lessees to be kept and performed, and that said sum of Five Thousand ($5000.00) Dollars shall

be held by said lessor as security for said faithful performance by said lessees, and that in the event that said lessees shall fail to keep and perform each and all of the terms and covenants and conditions herein contained, on their part to be kept and performed, said Five Thousand ($5000.00) Dollars, or such proportion thereof as may be necessary shall be retained by said lessor *and applied* [italics ours] by him on account of the damages sustained by reason of the failure of said lessees to faithfully perform any of the conditions herein contained on their part to be performed. But notwithstanding the retention of said sum of Five Thousand ($5000.00) Dollars by said lessor, said lessor shall have all and every action, right, remedy, claim and demand against said lessees for all damages sustained by him in excess of the sum of Five Thousand ($5000.00) Dollars, up to the sum of Twenty-Five Thousand ($25,000.00) Dollars by reason and on account of the failure of said lessees to perform the covenants herein contained on their part to be performed, but that in no event shall said lessor be entitled to ask for, demand, claim or receive from said lessees any sum or amount in excess of the sum of Twenty-Five Thousand ($25,000.00) Dollars by reason or on account of any damage sustained by said lessor by or through the failure of said lessees to live up to, abide by or perform any of the terms, covenants or agreements herein contained on their part to be performed.''

For this, we think, it conclusively appears that the money so held by plaintiff was to be applied in just such a contingency as has arisen here. This being true, the learned trial court was correct in ordering the same applied to the satisfaction of the judgment.

[4] The practice in this state, from the very earliest time, has been to modify a judgment in the appellate tribunal so as to finally settle the controversy, when the rights of the parties appear from the record to be fully ascertained. (*Persse* v. *Cole*, 1 Cal. 369; *Fox* v. *Hale etc. Co.*, 122 Cal. 219, [54 Pac. 731].) In the case at bar, we think it conclusively appears that the rights of the parties have been fully ascertained, and that the trial court simply erred by the entering of an erroneous judgment. Hence, it seems clear that our present duty is to modify the judgment so as to finally settle this controversy and render another trial unnecessary.

It is, therefore, ordered that the clause denominated "3" of the judgment entered herein, which reads as follows: "That the agreement of lease entered into between the plaintiff and defendants I. H. Norton, H. Joe Isaacs and M. M. Norton, on the 5th day of July, 1912, be forfeited by the defendants and terminated as of date August 31, 1915," be, and the same is hereby, stricken out, and, as so modified, that the judgment be, and the same is hereby, affirmed; and that appellant shall recover his costs of appeal herein.

Finlayson, P. J., and Sloane, J., concurred.