[Civ. No. 5317.   Second Appellate District, Division One.—November 10, 1927.]

ANNA WICKSTROM, Respondent, v. KATHRYNE McGRATH, Appellant.

D. P. Hatch for Appellant.

Edgar L. Martin, A. S. De Santis, and Richard A. Dunnigan for Respondent.

McLUCAS, J., *pro tem.*—This is an action in unlawful detainer. Defendant appeals from the judgment.

Plaintiff and defendant entered into a written lease whereby the plaintiff leased to defendant a certain apartment building for the term of ten years, beginning November 1, 1923, at a total rental of $97,920, payable in monthly installments of $816 each. The lease contained the following provisions:

"Receipt is hereby acknowledged of the sum of $3,264.00, being in payment of the first, and last three months rents

under this lease, of which said sum the amount of $2,488.00 being the amount of rent owing for the said last three months rental, shall be held without interest, for at least one year and a half from this date, and said second party shall have the right thereafter, of drawing down said cash deposit of $2,448.00 when said second party can give to first party a good and sufficient first lien chattel mortgage on the furniture and furnishings in said building in the sum of $10,000.00 and in any event said mortgage must be given to lessor within three years.

"It is expressly understood and agreed that the fact that the said first party holds security, does not impair or affect, in any manner, the right of said lessor, in the event of default on the part of the said second party, to terminate this lease and re-enter and take possession of the said premises as hereinbefore provided, or to maintain an action at law, for the recovery of any rent that may be due or unpaid under this lease. Should any of the rents herein reserved be due and unpaid, or should the parties of the second part be in default in any of the other obligations herein undertaken by the party of the second part, the party of the first part, may, at her option, terminate this lease forthwith and re-enter and take possession of the premises and remove all persons therefrom.

"And it is understood and agreed that the fulfillment and due observance of the various terms, provisions, promises, agreements, covenants and conditions of this lease constitute the condition on which the continuance of this lease shall depend, at the option of the party of the first part."

On June 1, 1925, and prior to the commencement of this action, defendant left the apartment house in charge of one Mrs. E. Ruhl. At the trial it was stipulated that no rent was paid by the defendant for the month of June, or thereafter. It was also stipulated that a notice to pay rent or deliver possession of the premises within three days from the service of said notice, a copy of which was attached to the complaint, was served upon Mrs. Ruhl, who was managing the apartment house, on June 13, 1925, before the filing of the action. On July 1, 1925, a receiver was appointed on the application of the plaintiff. At the time the judgment and findings were signed by the court there was due and owing by the defendant

under the terms of the lease rental for the months of June, July, August, and September, 1925, and judgment was rendered in the sum of $3,264, together with $34.90 accrued interest. The findings provided that the defendant was entitled to have the judgment satisfied by the plaintiff from the said sum of $2,448, paid by the defendant to plaintiff at the time of the execution of said lease as security for the faithful performance thereof by the defendant as lessee, to the extent that the same might be adequate therefor.

Appellant urges that the findings and decision that the defendant unlawfully continued in possession of the premises in default in the payment of rent, without permission of the plaintiff, are not justified by the evidence. It is contended that the right of re-entry given in the lease does not accrue upon default in the payment of rent, but accrues to the lessor only when the lessor has elected to terminate the lease by giving the tenant notice indicating an election of the option to terminate the lease. Section 791 of the Civil Code reads as follows:

"Whenever the right of re-entry is given to a grantor or lessor in any grant or lease, or otherwise, such re-entry may be made at any time after the right has accrued, upon three days' notice, as provided in sections eleven hundred and sixty-one and eleven hundred and sixty-two, Code of Civil Procedure."

The lease herein expressly provides that should any rents be due and unpaid, "the party of the first part may, at her option, terminate this lease forthwith and re-enter and take possession of the premises and remove all persons therefrom." According to the evidence, the lessee was in default in the payment of rent and we believe the lessor did terminate the lease forthwith by serving the notice to pay the rent or deliver possession, as required by section 1161 of the Code of Civil Procedure The terms of this notice necessarily meant that the plaintiff had exercised the option to terminate the lease unless the rent was paid, and that the defendant was not remaining in possession with the permission of the plaintiff unless such rent was paid within three days after service of the notice to quit possession. The notice read: "Within three days after the service on you of this notice, you are hereby required to pay the rent

of the premises hereinafter described, . . . amounting to the sum of $816.00, . . . or you are hereby required to deliver up possession of the herein described premises within the said three days after service on you of this notice . . . or I shall institute legal proceedings against you to recover possession of the said premises.'' This notice was both a demand to pay the rent and a notice to quit possession in the event of failure to pay the rent, or legal proceedings would be instituted. Section 793 of the Civil Code authorizes the maintenance of an action for the possession of real property leased or granted with the right of re-entry, at any time after the right to re-enter has accrued, without the notice described in section 791 of the Civil Code. The case of *Mossi* v. *Fairbanks*, 19 Cal. App. 355 [125 Pac. 1071], relied upon by appellant, goes no further than to hold as a general rule that a demand for unpaid rent is a condition precedent to any action to enforce a forfeiture of a lease for such nonpayment, and that section 793 of the Civil Code simply makes clear by statute that if the landlord does not desire to avail himself of the summary proceeding provided by the code, it will not be necessary for him to serve three days' notice, but it does not relieve him from the necessity of making a demand, verbal or otherwise, for the rent, unless the lease dispensed with a demand, or that the lessee has waived the same. That case was alleged to have been brought under section 793 of the Civil Code, and no demand was alleged. The present case is brought under section 791 of the Civil Code, and demand is both alleged and proved. We conclude that appellant's contention that the possession of the lessee was with the permission of the lessor at the time the action was commenced is without merit.

Likewise the argument of appellant that the unlawful detention of the premises by the defendant ceased on July 1, 1925, when the receiver was appointed, must fail, since the record shows that the defendant had abandoned the premises about June 1st and was collecting the rentals through a tenant left in possession, without making any payments on the rent or on the furniture installments.

Appellant's objection that the court erred in its rulings are necessarily disposed of by the foregoing conclusions.

■ Appellant's contention that the judgment is not authorized by the findings should be sustained. An allowance or credit was not given in the judgment for the sum of $2,448, as provided in the findings. The finding that the deposit was given as security is well supported by the provisions of the lease, and the amount should have been applied in satisfaction of the judgment, in accordance with the decision. (*Rez* v. *Summers,* 34 Cal. App. 529 [168 Pac. 156]; *Burke* v. *Norton,* 42 Cal. App. 705 [184 Pac. 45]; *Parish* v. *Studebaker,* 50 Cal. App. 719 [195 Pac. 721]; *City Investment Co.* v. *Pringle,* 73 Cal. App. 782 [239 Pac. 302].)

■ Appellant's contention that the judgment should declare a forfeiture of the lease should also be sustained. Section 1174 of the Code of Civil Procedure provides that if the defendant is guilty of unlawful detainer after default in the payment of rent, a judgment shall be entered for the restitution of the premises, and "the judgment shall also declare the forfeiture of such lease or agreement."

In accordance with the foregoing it is ordered that the judgment be modified by adding to paragraph 2 thereof the following words: "but that the defendant is entitled to have the judgment herein satisfied by the plaintiff from the sum of $2,448 deposited with plaintiff by the defendant as security for the faithful performance of the lease of said premises entered into between the parties thereto, to the extent that the same may be adequate therefor. Upon full satisfaction of said judgment and upon the plaintiff being restored to the possession of said premises by the defendant, it is ordered that said lease be forfeited."

The judgment is affirmed as modified.

Conrey, P. J., and York, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 9, 1928.