[Civ. No. 6197.   Second Appellate District, Division One.—February 6, 1929.]

SECURITY REALTY COMPANY (a Corporation), Respondent, v. MARY KOST et al., Defendants; LEONARD EGLEY et al., Appellants.

Geo. M. Harker and H. J. Brady for Appellants.

Hill, Morgan & Bledsoe and A. S. Montague for Respondent.

YORK, J.—The plaintiff leased certain real property to defendant Mary Kost, who thereafter assigned her lease to defendants Egley. Together with the assignment of the lease Mary Kost sold and transferred to the Egleys certain personal property constituting the furniture, furnishings, etc., in the leased premises. This personal property was subject to a chattel mortgage which had been executed by Kost to the plaintiff to secure the payment of each and every of the installments of rent provided for in the lease. A default having occurred in payment of rent due, the lessor gave notice to defendants Egley to pay the unpaid balance of rent then due within three days from the date of the notice or deliver up possession of the premises. Said defendants thereupon vacated the premises without paying the rent demanded, but they first removed from said premises the mortgaged property. This action was brought by lessor, who was also the mortgagee, to recover possession of the mortgaged property. By claim and delivery proceedings the personal property was delivered to the plaintiff and was in possession of the plaintiff when judgment was entered herein. Judgment was entered in favor of the plaintiff that plaintiff retain possession of the mortgaged property and also recover the amount of expenses incurred in obtaining such possession. From this judgment defendants Egley appeal.

Appellants' first and second points are that the three-day notice to quit, by reason of the fact that the appellants immediately quit the premises and tendered payment of rent computed to that time, constituted a termination of the tenancy and cancellation of the lease, and, therefore, a satisfaction of the chattel mortgage given to secure the payments under the lease.

Their third point is that the tender of a check made by the tenant to the landlord for rent up to the date when the premises were surrendered was full payment of any rent due or to become due.

The fourth point is that it was material and necessary for the trial court to find when or whether the lease was ter-

minated, and how much, if anything, was due the plaintiff on the lease for which the mortgaged personal property was security, which personal property was sued for in this action, which is an action for the possession of the personal property only.

The trial court found that the plaintiff was entitled to the possession of the personal property sued for by reason of the fact that the mortgagor had failed to make payment of the monthly installments of the rent, required by the lease, and by reason of the fact that the rent due on the first of June, 1925, was not paid, and the tender, if it was a tender, was only for a part of said sum, and that, therefore, the plaintiff, as mortgagor, was entitled to possession of all of the property mortgaged in accordance with the terms of the lease and the mortgage. There was sufficient evidence for the trial court to make this finding.

The notice given in the instant case expressly provided that the whole amount of rent for the month of June was demanded, and did not demand any forfeiture of the lease, but possession of the real property was demanded only if the rent was not paid. The owner of the property had a right under the lease and under the mortgage to repossess the property in case of nonpayment of rent, so as to enable the owner to rent the property for the best price obtainable, and if this price was not equal to the amount agreed to be paid under the lease, the mortgage would then be security for the payment to the owner of rent for the property leased to the full amount of the deficiency. The lease contained the following stipulation: "If the tenant shall abandon or vacate said premises before the expiration of this lease, or if, on account of default in the payment of any monthly instalment of rent after the tenth of the month, suit shall be brought, and possession of said premises shall be obtained from the tenant by the lessor, the lessor, if it so elect, shall have the option to lease or rent said premises for such rent and upon such terms as it may see fit, and if a sufficient sum shall not be realized to satisfy the rent herein reserved, the tenant agrees to satisfy and pay all such deficiency at the end of each month, and the option and privilege is hereby given the lessor to sue for and collect such deficiency, if any, from the tenant at the end of each month during said time."

In *Burke* v. *Norton,* 42 Cal. App. 705 [184 Pac. 45], the lease contained a stipulation in different words, but similar to that above quoted, in that the lessor was given the right, upon nonpayment of rent, to enter into possession of the premises and, at his option, terminate the lease. The action was in unlawful detainer after a three-day notice to pay rent or surrender possession. The court in its judgment in favor of the plaintiff, and contrary to the desire of the plaintiff, declared the lease forfeited. The plaintiff appealed and obtained a modification of the judgment by striking out the forfeiture clause. The court declared the rule to be that the retaking of premises by the lessor releases the lessee from subsequently accruing rents, *unless the lease expressly provides otherwise.* Authorities to this effect are cited and quoted.

By reason of the foregoing conclusions reached in this opinion, and by reason of the fact that this is not an action to foreclose a mortgage, but is merely an action brought solely and only for the possession of chattels mortgaged, it was not necessary for the trial court to make the findings, which were requested by appellants, as specified in their fourth point as hereinbefore set out. The only issue in this claim and delivery action was whether or not the owner of the real property, who was also the owner of the chattel mortgage, was entitled to the possession of the personal property described in the complaint.

Sufficient facts were found by the trial court to justify the judgment that the plaintiff was entitled to possession of such personal property.

The judgment is therefore affirmed.

Conrey, P. J., and Houser, J., concurred.