[Civ. No. 5667. Second Appellate District, Division One.—December 5, 1929.]

G. C. BROWN, Respondent, v. PERCY A. LANE, Appellant.

Porter and Sutton for Appellant.

R. D. McLaughlin for Respondent.

CONREY, P. J.—This is an appeal by defendant from a judgment in favor of the plaintiff for a portion of the money deposited with the defendant at the time of the making of a certain lease of real property for a term of four years and ten months, ending October 31, 1927.

G. C. Brown and Percy A. Lane entered into a written lease whereby plaintiff leased from the defendant a certain

storeroom, known as No. 432 S. Spring Street, Los Angeles, for the term of years above stated. Under the terms of said lease plaintiff deposited with defendant the sum of $1500 which the defendant was to hold as security for the payment of rent and faithful performance by lessee of all obligations therein undertaken by him until the termination of said lease, at which time, lessor was to apply said deposit or so much thereof as might be necessary as a credit on any damages he might sustain by reason of the breach or breaches of any of said obligations by lessee, and to repay the balance of said deposit, if any, to lessee.

Plaintiff paid rent which became due under said lease up to and including March, 1925. On April 16, 1925, defendant served upon plaintiff a written notice demanding of plaintiff the payment of rent for the month of April, within three days of the service of said written notice, or in the alternative demanding that plaintiff quit and deliver up said premises to the defendant. Plaintiff did not pay defendant said rent but did deliver up the premises to the defendant on April 30, 1925. Plaintiff then brought action to recover the balance claimed by him out of said deposit of $1500. The court rendered judgment in favor of plaintiff in the sum of $860 with interest thereon at seven per cent per annum from April 30, 1925 (being the difference between $1500 plus $110 collected from a subtenant, and $750, the amount of the rent for the month of April), together with plaintiff's costs of suit. This judgment was entered on the twenty-third day of November, 1926, nearly one year before the end of the term of the lease.

 Under the terms of the lease, upon the failure of the lessee to pay the rent or surrender premises within the time specified in the notice given, it was provided that the lessor should have the right to re-enter the premises. The lease further provided as follows: "Should lessor elect to re-enter and take possession of said premises under the provisions herein made, he may either terminate this lease and recover from lessee all damages lessor may incur in recovering possession of said premises, because of any breach, or breaches by lessee; or lessor may re-let said premises or any part thereof for all or any part of the remainder of said term, to a tenant or tenants satisfactory to him, and

at such monthly rental as he may with reasonable diligence secure; and should such monthly rental be less than that therein agreed to be paid by lessee, lessee agrees to pay such deficiency to lessor, in advance, on the day of each month hereinbefore specified for payment of rental; and to pay to lessor, within ten days after such reletting, the costs and expenses lessor may incur by reason thereof. No re-entry of said premises by lessor as herein provided, shall be construed as an election on his part to terminate this lease unless written notice of such intention is given lessee or mailed to him at his last-known address.''

There was no evidence that the landlord gave any written notice of intention to terminate the lease, also there was no evidence tending to prove any oral agreement or consent of the lessor terminating the lease. Nevertheless, the court found that between the 16th and 30th of April, 1925, the lease was terminated by mutual consent of the parties. Finding eleven contains the following: ''Further finds that it is not true that on the 30th day of April, 1925, the plaintiff surrendered the possession of the premises other than under the mutual agreement of the parties that the lease was terminated, and that it is not true that the defendant took possession of said premises from plaintiff under the provisions of paragraph 11 of said lease, or otherwise than under said mutual agreement to terminate said lease; that it is not true that defendant elected not to terminate said lease but to relet said premises for the account of the plaintiff, but that all subsequent reletting was on defendant's own behalf.'' It is evident that in making the foregoing findings the court must have been of the opinion that the mere acceptance of the surrender of possession of the premises at the time and under the circumstances to which we have referred was sufficient to constitute a termination by mutual consent of the said lease. We are of the opinion that this was an erroneous conclusion. It follows that the findings are not sustained by the evidence. ▮ Where the lease itself expressly provides that the retaking of premises by the lessor in accordance with his rights, after default in the payment of rent, shall not be effective to constitute a termination of the lease unless the lessor further gives notice of election to treat the lease as terminated, these

provisions of the lease are controlling. (*Burke* v. *Norton,* 42 Cal. App. 705 [184 Pac. 45] ; *Security Realty Co.* v. *Kost,* 96 Cal. App. 626 [274 Pac. 608].)

Since the judgment must be reversed, and since the term of the lease has now expired, it is appropriate to suggest that supplemental pleadings should be allowed and that upon a retrial of the case the amount of damages, if any, which the lessor has sustained by reason of the tenant's failure to pay the rental provided for in the lease may be fully determined and judgment rendered in accordance with the facts. The judgment is reversed and the cause remanded for further trial in accordance with the views herein stated.

Houser, J., and York, J., concurred.