[Civ. No. 3971.   Third Appellate District.—January 31, 1930.]

A. H. BUSCH COMPANY (a Corporation), Appellant, v. M. N. STRAUSS, Respondent.

Young & Young, Milton K. Young, Wm. K. Young and Stuart P. Fischer, for Appellant.

Sam Wolf and Leo Shapiro for Respondent.

FINCH, P. J.—While in possession of one of the rooms of a building as the plaintiff's tenant, the defendant Strauss sublet the room, with the plaintiff's consent, to the defendant Connally.   Thereafter, on January 13, 1925, the plaintiff served upon Strauss a notice reading as follows:

"Enclosed you will find copy of notice to pay rent or quit, served upon Mr. W. W. Connally, who was the last party to occupy 658 So. Vermont avenue.   I am sending you this notice to call the matter to your attention inasmuch as you,

by virtue of the consent to sublet which you and Mr. Connally signed, are jointly liable under the obligations of the lease. If we do not receive either from you or from Mr. Connally or both of you, the $400 which is now due in unpaid rental, we will be obliged to immediately proceed as per last paragraph of the notice.''

█ The record does not contain a copy of the notice served upon Connally. Since error is not to be presumed the failure to include such notice in the record is a sufficient reason to warrant the affirmance of the judgment. The respondent, however, has printed in his brief what he states is a copy of a part of the omitted notice, dated January 9, 1925, which reads as follows:

''Now, therefore, you will please take notice; that you are required to pay the said December, 1924, and January, 1925, installments of said rent, to-wit, the aggregate sum of four hundred ($400.00) dollars to the undersigned, or deliver up possession of said premises on or before three (3) days after the date of the service of this notice upon you. You are further notified that in the event you fail to make said payment or deliver up possession of said premises within the said three (3) day period, the undersigned will institute legal proceedings for unlawful detainer against you for the recovery of said premises and treble rents.''

In response to the notice served upon Strauss he caused the room to be vacated and turned over the keys to the plaintiff. A few days thereafter this action was commenced to recover the rents mentioned in the notice. February 13, 1926, the plaintiff filed a supplemental complaint for the additional sum of $2,600 as rents from February 1, 1925, to February 28, 1926. Judgment was entered in favor of the plaintiff for only the rents accrued at the time the premises were surrendered. The plaintiff has appealed. The lease contains the following clause:

''That in case of the violation by the lessee of any of the terms and conditions of this lease, the lessor may either terminate this lease without notice and take possession of the premises, or may enter and possess the premises as the agent of the lessee and for his account.''

█ Appellant contends that its notice served on Strauss was not given with the intention of terminating the lease,

but that it intended to "enter and possess the premises as the agent of the lessee and for his account." In support of this contention the appellant relies on *Burke* v. *Norton,* 42 Cal. App. 705 [184 Pac. 45], and *Security Realty Co.* v. *Kost,* 96 Cal. App. 626 [274 Pac. 608]. It appears that the notice served upon the lessee in each of those cases merely demanded payment of the unpaid rent or the surrender of possession of the premises and did not indicate an intention to terminate the lease. In this case the notice expressly provides that upon the lessee's failure to pay the rent demanded or to deliver possession the lessor "will institute legal proceedings for unlawful detainer against you for the recovery of said premises and treble rents.' This language clearly evinces an intention to terminate the lease, for section 1174 of the Code of Civil Procedure provides that in an action for unlawful detainer "if, upon the trial, . . . the finding of the court be in favor of the plaintiff and against the defendant judgment shall be entered for the restitution of the premises; and if the proceedings be for an unlawful detainer . . . after default in the payment of rent, the judgment shall also declare the forfeiture of such lease." The judgment entered herein is supported by *Wickstrom* v. *McGrath,* 86 Cal. App. 651 [261 Pac. 326], and *Costello* v. *Martin Brothers,* 74 Cal. App. 782 [241 Pac. 588].

Appellant argues no other grounds for a reversal.

The judgment is affirmed.

Thompson (R. L.), J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 1, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 31, 1930.

All the Justices concurred.