[Civ. No. 8575. First Appellate District, Division Two.—September 28, 1932.]

F. M. STICH et al., Respondents, v. OLNEY G. GORDON et al., Appellants.

Clarence A. Linn for Appellants.

Charles W. Lynch for Respondents.

ANDERSON, J., *pro tem.*—The action is in unlawful detainer. Plaintiffs, the landlords, prevailed. The defendants, who appealed, occupied the premises involved, consisting of an apartment house, as assignees of the original tenants. Unless otherwise indicated the word ''defendants'' will apply to appellants only and the answer referred to will be their answer. The defendants had assumed the

lease, which ran for ten years, from July 1, 1926, the rental being $1850 per month, payable on the fifteenth day of each month. The rental falling due on May 15, 1930, and on June 15, 1930, was not paid. The complaint was filed June 30, 1930. It joined all necessary parties and contained all necessary averments. It prayed for possession, for damages, for forfeiture of the lease and that a receiver should be appointed. The complaint alleged that notice, addressed to the defendants and requiring that payment of the delinquent rental or the surrender of the possession of the premises, was served on the various defendants on June 24, 1930. A receiver was appointed on July 17, 1930, upon plaintiffs' application. The answer of the appealing defendants was filed on September 25, 1930. The answer admitted the averments of the complaint and prayed that the plaintiffs be awarded damages in the sum of $3,820, the amount of rental figured for the period from May 15, 1930, to the time of the appointment of the receiver on July 17, 1930, and that interest should be allowed on this delinquent rental. The answer also prayed for a cancellation of the lease. While the answer pleaded the appointment of a receiver on July 17, 1930, and that the receiver took charge of the premises, it failed to state the exact date the receiver obtained complete possession of the premises. Finding 4 recites the appointment of a receiver, but it fails to state when the receiver took possession. It was found that the appealing defendants—the defendants who had assumed the lease—left the premises, but continued to collect rent from subtenants through an agent. Summons was ordered published. The filing of the answer was delayed until September 25, 1930. The evidence showed that the defendants owned the furniture in the apartments. It had been mortgaged to secure the rent. Defendants finally offered to plaintiffs a certain amount of rental on condition the furniture should be delivered. The offer was not acted upon.

The case was not tried until October 20, 1930. Judgment was not rendered until December 16, 1930. The judgment shows that various subtenants had been served with summons and complaint and that they had defaulted. Exactly when they defaulted does not appear. The original lessees filed an answer, but they are not complaining of the judg-

ment. It is not disputed that the order appointing the receiver continued in effect down to the date of the judgment on December 16, 1930.

The trial court awarded plaintiffs judgment for damages in the sum of $12,950. It fixed these damages by taking the amount of the rental for the full period from May 15, 1930, to December 15, 1930. Against this the judgment allowed as a credit the net earnings of the property involved during the period of receivership. These earnings had not as yet been determined by court order. The record indicates that they were later determined, and that they were received by plaintiffs. Neither side objects to the fact that this is irregularly shown by certain records in the clerk's transcript. Both sides concede that the average monthly earnings of the property during the receivership was far less than the monthly rental called for by the lease. The judgment declared the lease forfeited. The judgment contained a provision to the effect that if the damages awarded were satisfied within five days by the specified persons interested in the term of the lease, the defendants would be restored to their estate. But the record conclusively shows that defendants did not desire to avail themselves of this provision.

The appellants complain of the judgment only in so far as it allowed damages equal to the rental for the period of the receivership. The plaintiff Stich testified that the receiver took possession of the apartments on July 17, 1930, and had continued in possession thereof up to the time of the trial. The appellants rely on the case of *Telegraph Avenue Corp.* v. *Raentsch,* 205 Cal. 93 [61 A. L. R. 366, 269 Pac. 1109]. That was a case in unlawful detainer. A receiver was appointed at the instance of the plaintiff. It appeared in that case that the receiver, through attornment of subtenants or otherwise, took possession of all the property involved. It was ruled that it was error to allow damages for withholding the leased premises during the period of the receivership. The case is directly in point. Respondents point out that the Supreme Court denied a hearing after decision by the District Court of Appeal in the case of *Wickstrom* v. *McGrath,* 86 Cal. App. 651 [261 Pac. 326], and they state that the case last mentioned was one for unlawful detention of rented property, consisting of an apartment house; that a receiver was appointed, and

438

that the plaintiff prevailed and that the damages awarded embraced the full amount of the rental unpaid at the time of judgment, together with interest thereon, and that in that case there was an abandonment of the premises and that this feature makes the citation applicable here. Assuming that in this case the acts of defendants evinced an intention to abandon the lease after the suit was instituted, and they had answered, still such an abandonment would not affect the question. If abandonment is accepted that would end the contract and the right to claim future rentals. In the case of *Wickstrom* v. *McGrath, supra,* judgment was rendered for the full amount of rental accruing up to the time of the trial, and the judgment recited nothing as to any credit that might result from the operation of the apartments by the receiver. But the opinion does not clearly disclose whether the receiver operated the property. It is at least clear that the point involved in this case was not raised. Any ruling in that case at variance with the case of *Telegraph Avenue Corp.* v. *Raentsch, supra,* is controlled by the latter case wherein the receiver appointed at the instance of the landlord did take possession of the leased premises, and wherein it was ruled that rental for the period of the receivership could not be awarded to plaintiff as damages.

It is true that a lease may be so conditioned as that the landlord may, without seeking forfeiture, maintain an action for possession of the leased premises on account of a breach of the lease by the tenant. (*Brown* v. *Lane,* 102 Cal. App. 350 [283 Pac. 78]; *Burke* v. *Norton,* 42 Cal. App. 705 [184 Pac. 45]; *A. H. Busch Co.* v. *Strauss,* 103 Cal App. 647 [284 Pac. 966]; *Security Realty Co.* v. *Kost,* 96 Cal. App. 626 [274 Pac. 608].) But the point is that if a receiver is appointed at the instance of the plaintiff and the plaintiff prevails, the receiver is regarded as having held for the plaintiff. Moreover, the judgment here did not preserve the lease. The plaintiffs prayed for and obtained judgment. The judgment was predicated upon a notice to quit, served with a view to forfeiture, if the rent was not paid. The action in unlawful detainer is one for possession with the right to recover damages as an incident. Ordinarily the lease involved is forfeited. The right to the damages is limited to the amount of the rental, where failure

to pay rent is the breach, the court having the power to treble the damages if the withholding is wilful. However, the effect of a chattel mortgage, in so far as it secures the payment of rental which is incorprated in the judgment for damages, is not destroyed. (*Ashcroft Estate Co.* v. *Nelson*, 26 Cal. App. 400 [147 Pac. 101]; *Crittenden* v. *St. Hill*, 34 Cal. App. 107 [166 Pac. 1016]; *Arnold* v. *Krigbaum*, 169 Cal. 143 [Ann. Cas. 1916D, 370, 146 Pac. 423].) Plaintiffs did not elect to ask merely for a damage judgment. They claimed the premises were wrongfully withheld from them and that a receiver should be appointed, and they prayed for forfeiture of the lease. The legal effect of an adjudication that the premises were wrongfully withheld and that the lease should be forfeited was that if the receivership yielded amounts in excess of the stipulated rental this yield would go to the plaintiffs. This remedy, under the circumstances of this case, is, in the light of the law as declared by the Supreme Court, inconsistent with the right to claim damages during the possession of the receiver.

The receiver was appointed on July 17, 1930. The oral testimony indicates that he took possession on that day. But there is no finding that he did so. Finding 4 is merely that the receiver qualified on that day. Defendants were not to be found, and they were, through an agent, collecting rentals from subtenants. The court obviously considered that it was not necessary to receive evidence as to the exact time the receiver was able to receive full enjoyment of the entire premises. While under some circumstances a partial eviction may suspend the whole rent (36 Cor. Jur., p. 383), it may be inferred from the case of *Telegraph Avenue Corp.* v. *Raentsch, supra,* that the tenant may not in every case be entitled to avoid completely the rental obligation merely as the result of the appointment of a receiver who obtains but a partial possession. There was here extreme willingness in the defendants to escape the lease. Welcomed partial eviction is scarcely like ordinary partial eviction. If the evidence on a further trial should show that through subtenants, or otherwise, a part of the premises was withheld from the receiver, defendants should not be permitted to avoid entirely the use of the rental obligation as a basis for damages. Under a variety of cir-

cumstances, it may be just to apportion rental and reduce the rental obligation in proportion to deprivation of possession. (36 Cor. Jur., pp. 383, 380, 341.) If plaintiffs prevail on a new trial the moneys in the hands of the receiver will be treated as belonging to plaintiffs. Such moneys represent earnings of property taken in possession by a receiver appointed at plaintiffs' instance.

Where the tenant makes it obvious that the granting of the privilege to restore the lease by paying the damages awarded would be an idle act, it is not necessary that the judgment in unlawful detainer should accord that privilege. (*Telegraph Avenue Corp.* v. *Raentsch, supra.*) While the judgment could be affirmed as to a limited amount of damages conceded by defendants and forfeiture of the lease directed in accordance with the principles announced in the case cited, defendants coupled the concession of forfeiture with a prayer that the damages should be limited to $3,820. The court may, on a new trial, increase the damages or find wilfulness in withholding the premises. If the damages are increased, the privilege of the tenant to have the estate restored by paying the damages as mentioned in section 1174 of the Code of Civil Procedure is required to be a part of the judgment. Under the circumstances a complete reversal of the judgment is necessary, and it is so ordered.

Knight, Acting P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 28, 1932, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 21, 1932.