[Civ. No. 5175. Third Appellate District.—September 19, 1934.]

E. I. NEUHAUS, Respondent, v. CHRIS NORGARD et al., Appellants.

Mannon & Brazier for Appellants.

Taft & Spurr for Respondent.

PLUMMER, J.—The plaintiff had judgment against the defendants for the recovery of the sum of $850. From this judgment the defendants appeal.

The record shows that on or about the seventh day of December, 1931, the parties to this action entered into a certain lease whereby the defendants leased to the plaintiff certain garage property situate in the city of Ukiah, for a period of five years at a monthly rental of $225, payable in advance, which was subsequently reduced to $150 per month for a specified time. At the time of the execution of the lease the plaintiff deposited with the defendants the sum of $1,000 as security for the payment of the specified rent. It is for the recovery of this sum that this action is prosecuted.

The record further shows that the plaintiff experienced difficulty in making payments of the monthly rental referred to; that default occurred in such payments; and that the defendants finally served upon the plaintiff the following notice, to wit:

"To Ernest Neuhaus, tenant in possession:

"You are hereby required to pay the rent of $150.00 which fell due on December 1st, 1933, pursuant to the provisions of the lease dated January 1st, 1933, executed by Chris Norgard and Cecelia F. Norgard as lessors and you as lessee, which is the amount of the rent now due and owing to said lessors, and you are hereby required to pay the same within three days from date hereof, or to deliver up possession of the said premises to the said lessors, or the said lessors will institute legal proceedings against you to recover possession of said premises with treble rent.

"Said premises are situate at the southwest corner of State and Stevenson Streets, City of Ukiah, County of Mendocino, State of California, and are more particularly described in said lease, which said description is hereby referred to and incorporated herein.

"Dated: December 2nd, 1933.

"CHRIS NORGARD
"CECELIA F. NORGARD."

This notice was served upon the plaintiff on the second day of December, 1933. While there is some testimony in the record to the effect of the lease being terminated by mutual agreement, in connection with the notice which we have just set forth the court made the following finding:

"That it is not true that said lease was terminated as of the 21st day of November, 1933; that it is true that said lease was terminated as of December 5th, 1933, and that it is true that ever since the 5th day of December, 1933, the defendant and cross-complainants have been in the sole and exclusive occupancy and possession of said premises; that it is not true that neither the said lease nor the aforesaid provisions thereof have been in force and effect since the 21st day of November, 1933; that it is true that neither the said lease nor any of the provisions thereof have been in force or effect since the 5th day of December, 1933."

The question presented for our consideration is whether the notice served upon the plaintiff by the defendants to pay rent or surrender the premises evidenced an intention to terminate the lease. If so, the judgment should be affirmed.

On the part of the appellants it is contended that the language used in the notice is not sufficient to evidence such an intention, basing their argument in support thereof upon the amendment approved April 30, 1931, Statutes 1931, page 447, of section 1174 of the Code of Civil Procedure. The amendment to the section referred to is as follows: "If the notice required by Section 1161 of the Code states the election of the landlord to declare the forfeiture thereof, but if such notice does not so state such election, the lease or agreement shall not be forfeited."

In making this contention the appellants apparently overlooked the force and effect of the language used in the codes, which has been construed by this court as hereinafter set

forth. The notice served upon the plaintiff states that an action will be instituted against the plaintiff in the event he does not either pay rent or surrender the premises in such form as to enable the defendants to secure a judgment against the plaintiff for treble rent, which necessarily calls the plaintiff's attention to the fact that the action will be based upon the second paragraph of section 1174 of the Code of Civil Procedure, wherein it reads as follows: "Judgment against the defendant guilty of forcible entry or forcible or unlawful detainer may be entered in the discretion of the court either for the amount of the damages and rent found due, or for three times the amount so found."

While the language of section 1174 of the Code of Civil Procedure now requires a statement of an election to forfeit or terminate the lease, it does not state, as apparently contended for by the appellants, that any different language shall be used to evidence such an intention than that used in the notice presented for our consideration in this case. All that the amendment requires is that language shall be used indicating such an intention. This court, as above stated, has twice held such language as appears in the notice in this case sufficient to evidence such an intention.

In *Costello* v. *Martin Bros.*, 74 Cal. App. 782 [241 Pac. 588], the notice held sufficient to evidence an intention to terminate the lease, in so far as material here, is worded as follows: "To Martin Brothers, tenant in possession: You are hereby required to pay within three days after the service on you of this notice, the rent of the premises hereinafter described . . . or to deliver up possession of said premises within three days . . . , or I shall institute legal proceedings against you to recover possession of said premises, with treble rents."

In the action entitled, *Busch* v. *Strauss*, 103 Cal. App. 647 [284 Pac. 966], the notice held sufficient to indicate an intention to terminate the lease reads as follows: "Now, therefore, you will please take notice that you are required to pay the said December, 1924, and January, 1925, installments of rent . . . to the undersigned, or deliver up possession of said premises on or before three days after the date of service of this notice upon you. You are further notified that in the event you fail to make said payment

or deliver up possession of said premises, within said three day period, the undersigned will institute legal proceedings for unlawful detainer against you for the recovery of said premises and treble rents.''

The notice in the instant case and the notice in the Busch case are identical in substance and differ in wording only in that the character of the action ''unlawful detainer'' is mentioned in the Busch case. It may be further mentioned that a hearing of the case of *Busch* v. *Strauss, supra,* in the Supreme Court, after judgment in the District Court of Appeal, was denied. It thus appears that the courts of this state have adjudicated what language is sufficient to indicate an intention to terminate a lease when a notice is given to pay rent or to surrender the premises, and that the amendment of section 1174 of the Code of Civil Procedure, approved April 30, 1931, *supra,* only follows what has already been held language sufficient to effect a termination of the lease. The different cases having to do with this subject are so well set forth and analyzed in an opinion written by the learned judge of the trial court that we adopt the same as a portion of the opinion of this court, to wit:

■ ''I am satisfied from the evidence that sometime between the 11th and the 27th days of November, the plaintiff removed from the leased premises, but he was still in possession by his sub-tenant Weber as late as December 5th. Plaintiff was not in possession, directly or indirectly, after the 5th day of December. His conduct was a surrender of the premises, but a surrender is not effective unless there is an acceptance by the landlord. (15 Cal. Jur. 795–6.) In the absence of such acceptance the landlord may nevertheless terminate the tenancy for default in payment of rent by appropriate proceedings. Such proceedings are ordinarily instituted by a notice requiring payment of rent or surrender of the premises. But such notice alone does not effect a forfeiture, nor even indicate an intention to do so on the part of the landlord. (*Burke* v. *Norton,* 42 Cal. App. 705 [184 Pac. 45]; *Brown* v. *Lane,* 102 Cal. App. 350 [283 Pac. 78]; *Security Realty Co.* v. *Kost,* 96 Cal. App. 626 [274 Pac. 608]; *Stich* v. *Gordon,* 126 Cal. App. 434 [14 Pac. (2d) 835].)

''If, however, the notice contains a statement that would indicate an intention on the part of the landlord to termi-

nate the lease by forfeiture, or to insist on a right to reenter, if the rent be not paid, the case is different.

"The lease in evidence gave to the defendants the right of reentry on default of the tenant in the following language: 'If the rent above reserved or any part thereof shall be in arrears or unpaid on any day of the payment thereon when the same ought to be paid as aforesaid, or if default shall be made in any of the covenants and agreements herein contained on the part of the lessee to be kept or performed, then in such event, it shall and may be lawful for said lessors, their heirs and assigns, into and upon said demised premises and every part thereof wholly to reenter and the same to have again, repossess and enjoy as in their first and former estate, anything hereinabove contained to the contrary thereof in any wise notwithstanding.' The notice served on plaintiff on December 2, 1933, stated that: 'You are hereby required to pay the same (rent in arrears) within three days from date hereof, or to deliver up possession of the said premises to the said lessors, *or the said lessors will institute legal proceedings against you to recover possession of said premises with treble rent.*'

"A similar notice was given in *Costello* v. *Martin,* 74 Cal. App. 782 [241 Pac. 588], and the court there said: 'On the defendants' default in payment of the rent, at least two courses were open to plaintiff. He had the option to sue directly for the installments of rent then due, allowing the lease to continue in force, or to terminate the lease in the event of nonpayment after demand and notice. He elected to pursue the latter course and by the foregoing notice he gave the defendants the option in paying the amount due within the time prescribed or surrendering possession. The defendants exercised the option given them by the notice by vacating the premises. Had they failed to avail themselves of either option, it is to be inferred from the contents of the notice that the plaintiff would have commenced an action of unlawful detainer against them.'

"In *Wickstrom* v. *McGrath,* 86 Cal. App. 651 [261 Pac. 326], the notice read as follows: 'Within three days after the service on you of this notice, you are hereby required to pay the rent of the premises hereinafter described amounting to the sum of $816.00 or you are hereby required to deliver up possession of the herein described premises within

the said three days after service on you of this notice, or I shall institute legal proceedings against you to recover possession of the said premises.' The court there said: 'This notice was both a demand to pay the rent and a notice to quit possession in the event of failure to pay the rent, or legal proceedings would be instituted.'

"In *Busch* v. *Strauss*, 103 Cal. App. 647 [284 Pac. 966], the contention was made that the notice served on the tenant was not given with the intention of terminating the lease. The court said: 'The notice expressly provides that upon the lessee's failure to pay the rent demanded or to deliver possession, the lessor will institute legal proceedings for unlawful detainer against you for the recovery of said premises and treble rents.' This language clearly evinces an intention to terminate the lease.

"The notice in the case at bar is in almost the exact language of the notice in *Busch* v. *Strauss, supra.*

"In *Brown* v. *Lane*, 102 Cal. App. 350 [283 Pac. 78], cited by defendants, the notice contained nothing indicating an intention to terminate the lease. The same is true in *Phillips-Hollman, Inc.* v. *Peerless Stages, Inc.*, 210 Cal. 253 [291 Pac. 178], also relied on by defendants.

"The defendants contend that the 1931 amendment to section 1174, Code of Civil Procedure, changes the rule laid down in *Wickstrom* v. *McGrath, supra,* and like cases. The notice required given in this case, if we follow *Wickstrom* v. *McGrath, supra,* was the notice referred to in the amendment to section 1174, Code of Civil Procedure.

"Defendants contend that *Costello* v. *Martin, supra, Wickstrom* v. *McGrath, supra,* and *Busch* v. *Strauss, supra,* have been impliedly overruled by *Phillips-Hollman, Inc.,* v. *Peerless Stages, Inc., supra,* and *Treff* v. *Gulko*, 214 Cal. 591 [7 Pac. (2d) 697]. The notice in the Phillips case, as above stated, contained no language that might be construed as indicating an intention to terminate the existing lease. In *Treff* v. *Gulko, supra,* the action was not between the parties to the lease, but between the original lessor and an assignee of the original lessee. It was held that such assignee was not liable for rent in the absence of fresh contractual stipulations between the lessor and himself. That case does not purport to give further remedies to a lessor than is given in *Costello* v. *Martin, supra,* and kindred cases. It merely gives him

certain alternatives in the event of a termination of the lease. A reference to the language at page 598 of the reported case makes this clear.''

No other questions materially affecting the judgment being presented for our consideration, it follows that the judgment must be, and the same is hereby, affirmed.

Thompson, J., and Pullen, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 19, 1934, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 15, 1934.