[Civ. No. 5494. Third Appellate District.—December 18, 1936.]

THE STOCKTON MORRIS PLAN COMPANY (a Corporation), Respondent, v. M. B. CARPENTER, as Executor, etc., Appellant.

Frederick L. Felton for Appellant.

Lafayette J. Smallpage and Chas. H. Epperson for Respondent.

THOMPSON, J.—M. B. Carpenter, as executor of the estate of A. H. Carpenter, deceased, has appealed from a judgment for damages for the reasonable rental value of real property which was rendered against the estate incident to a suit for unlawful detention of the property instituted pursuant to section 1161a of the Code of Civil Procedure. The appeal is presented on the judgment roll alone. The evidence is not before this court.

Charles A. Menne and wife formerly owned and occupied a dwelling house in Stockton. July 7, 1926, they executed a trust deed to secure an indebtedness against the property. After default of the terms of the trust deed, it was foreclosed and the property was sold to McFarland February 9, 1932, pursuant to the provisions of section 2924 of the Civil Code. Menne and wife then conveyed the property to A. H. Carpenter, and pretended to retain possession as his tenants. In a previous suit the title to this property was quieted in McFarland. On appeal that decree was affirmed. (*Carpenter* v. *Smallpage*, 220 Cal. 129 [29 Pac. (2d) 841].) Menne and his wife continued to retain possession of the premises. Mr. McFarland served notices upon A. H. Carpenter and upon Mr. and Mrs. Menne, May 24, 1932, and thereafter commenced this action, pursuant to the provisions

of section 1161a of the Code of Civil Procedure in unlawful detainer, and for damages incident thereto, measured by the reasonable rental value of the property. For a valuable consideration the property was conveyed June 13, 1933, by McFarland to The Stockton Morris Plan Company, which was thereafter duly substituted as plaintiff in this action. A. H. Carpenter died November 9, 1933, pending the trial of this suit. His will was admitted to probate and M. B. Carpenter was appointed executor thereof. A claim was duly presented to the executor of the estate and disallowed. Upon notice, by leave of court, the executor of the estate of A. H. Carpenter, deceased, was substituted as a party defendant in this suit. As executor, he continued to retain possession of the property until April 20, 1934, when he voluntarily surrendered possession to The Stockton Morris Plan Company. Upon application therefor an amended and supplemental complaint was filed, setting out the preceding facts which transpired since the filing of the original complaint, including the affirming of the judgment on appeal in the former action quieting title to the property in McFarland.

The cause was tried by the court sitting without a jury. Findings were adopted and a judgment was rendered favorable to the plaintiff. It was determined that A. H. Carpenter wrongfully detained the property from the owners thereof from February 12, 1932, to November 9, 1933, the date of his death, to the damage of the plaintiff in the aggregate sum of $724.50, together with interest thereon in the additional sum of $73.71, which damages were found to consist of a reasonable rental value of the property at a monthly rate of $34.50 for the period of twenty-one months. Judgment was accordingly rendered against the estate for the sums mentioned. From that judgment the executor has appealed.

It is contended this suit abated at the death of A. H. Carpenter, and that the right of action, which sounds in tort, did not survive against his estate; that the plaintiff in a suit for unlawful detainer may not transfer title to the property pending the trial of the action so as to entitle his grantee to damages for the detention of the premises subsequent to the date of conveyance of the title; that the complaint does not state a cause of action on account of the failure to allege compliance with the provisions of section 2924 of the Civil Code with relation to the purchase of the

property by McFarland under the trust deed, and that the court failed to adopt necessary findings respecting the various steps pursued in the sale of the property under the trust deed.

■ The right to maintain an action against the representatives of a deceased person for the possession of real property is specifically authorized by the provisions of section 573 of the Probate Code. That section contemplates the right to maintain a suit for unlawful detention of real property which is essentially a possessory action. The claim for damages is merely incidental to the unlawful detainer suit. This suit being authorized by the provisions of section 573 of the Probate Code against the estate of the deceased, it did not abate at the death of A. H. Carpenter, but was properly continued against his estate by the substitution of the executor thereof as a party defendant. Section 573 of the Probate Code provides:

"Actions for the recovery of any property, real or personal, *or for the possession thereof,* or to quiet title thereto, or to determine any adverse claim thereon, and all actions founded upon contracts, *may be maintained by and against executors and administrators in all cases in which the same might have been maintained by or against their respective testators or intestates.*"

It has been uniformly held that a suit in unlawful detainer is essentially possessory in its nature. The purpose of the action is to secure possession of the property as distinguished from an action to determine the title thereto. It is immaterial that the action is also a summary means of procuring possession of the property. The statute is definite and specific in its authorization to maintain a suit by or. against the representatives of a decedent "for the possession" of real property. ■ The legislature is empowered to authorize the maintenance of such a possessory action by or against the executor or administrator of the estate of a deceased person. (1 C. J. S. 180, sec. 133.) The statute declares that if the action could have been maintained by or against the decedent in his lifetime, it may also be instituted by or against the representatives of his estate. It follows that the suit for unlawful detention of the real property by A. H. Carpenter did not abate at his death, but it survived and was properly continued by the presentation of the claim against

his estate and the substitution, by leave of court, of the executor of his estate as a party defendant. Section 385 of the Code of Civil Procedure provides for the proper procedure in the event of the death of a party or the transfer of an interest during the pendency of a trial. It declares that:

"An action or proceeding does not abate by the death, or any disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue. In case of the death or any disability of a party, the court, on motion, may allow the action or proceeding to be continued by or against his representative or successor in interest. In case of any other transfer of interest, the action or proceeding may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action or proceeding.

Section 740 of the same code authorizes the rendering of judgment in favor of the successor to the interest of a party whose rights have been conveyed or which terminate pending the trial of the action. It provides that:

"In an action for the recovery of property, where the plaintiff shows a right to recover at the time the action was commenced, but it appears that his right has terminated during the pendency of the action, the verdict and judgment must be according to the fact, and the plaintiff may recover damages for withholding the property."

Under the preceding section the conveyance of the real property and the assignment of the claim for damages incident to the unlawful withholding thereof, from McFarland to The Stockton Morris Plan Company, during the pendency of the action, entitles the plaintiff, who was regularly substituted as a party to the suit, to judgment, including an award for damages measured by the reasonable rental value of the property during the time it was unlawfully withheld.

The reasonable rental value of the property is a proper measure of damages, which is merely incidental to the suit for unlawful detainer. (Secs. 1166 and 1174, Code Civ. Proc.) The claim for damages therefore also survives, together with the suit for possession of the real property upon which it depends, notwithstanding the fact that it sounds in tort. It is said in that regard in 1 California Jurisprudence, page 72, section 42, that:

"Although it was once said that all causes of action in tort abate by death, it is now the general American doctrine that all causes of action arising from torts to property, real or personal—injuries to the estate by which its value is diminished—survive and go to the administrator or executor as assets in his hands. This is true against the estate of the deceased, as well as in its favor, for in the case of a tort resulting in the wrongful acquisition of personal property, since the law imposes upon the wrongdoer the duty of returning that property to the owner, the obligation at common law might be treated as *quasi*-contractual, and the neglect to perform it a breach of such contract; in which case the damage resulting from the tort is substantially the value of the property, and the damage resulting from the breach of contract is measured substantially in the same way. Similarly, in determining the question of survival at common law the substantial cause of action might properly be treated as founded in contract.''

 Whatever distinctions may be drawn between the definitions of an action or proceeding at law, referred to in sections 22 and 385 of the Code of Civil Procedure, and that of a *summary* proceeding, such distinctions have no application to the present suit since section 573 of the Probate Code specifically authorizes the maintenance of actions ''for the possession'' of real property by or against the representatives of a decedent. It is therefore immaterial whether this suit be deemed to be an action at law or a mere summary proceeding.

The case of *Martel* v. *Meehan*, 63 Cal. 47, upon which the appellant relies, is not applicable to the facts of this case. That action was brought under the provisions of section 1161 of the Code of Civil Procedure. In that case the real property was leased to William Meehan, who died during the term of the lease. James Meehan was appointed executor of his estate, and took personal possession of the property. James Meehan was not the tenant, nor the subtenant of the owner. Section 1161 of the Code of Civil Procedure authorizes the maintenance of an action for unlawful detainer, only when the *tenant* ''continues in possession, *in person or by subtenant*, . . . '' or ''2. . . . After default in the payment of rent pursuant to the lease, . . . and [after] three days' notice, in writing. . . . '' The court held in that case that:

"It is only when the tenant continues in possession, 'in person or by subtenant', that the action (under section 1161) can be maintained."

In the present case the action was not brought pursuant to section 1161 of the Code of Civil Procedure. It was brought under section 1161a of that code, which provides that:

"*A person* who holds over and continues in possession of real property may be removed therefrom as prescribed in this chapter. . . . 3. Where the property has been sold in accordance with section 2924 of the Civil Code, under a power of sale contained in a deed of trust, executed by him, or a person under whom he claims. . . . "

It will be observed that a suit for unlawful detainer maintained under section 1161a is not restricted in its application to "*a tenant . . . in person,* or by subtenant". On the contrary, it may be brought against *any person* claiming the right of possession as a successor to or under one whose title is terminated on the sale of the property through a deed of trust, pursuant to the provisions of section 2924 of the Civil Code. In the present case Carpenter claimed the right of possession under a purported deed of conveyance from Menne and wife, whose title was terminated by the sale of the property under the power of sale contained in their trust deed. The Martel case, *supra,* therefore, has no application to the right to maintain this action which is specifically conferred by the provisions of section 1161a of the Code of Civil Procedure.

For the same reason the case of *Knowles* v. *Murphy,* 107 Cal. 107 [40 Pac. 111], upon which the appellant also relies, is not in conflict with what we have previously held.

The complaint states facts sufficient to constitute a cause of action for unlawful detainer under the provisions of section 1161a of the Code of Civil Procedure. It is alleged that McFarland purchased the property which "was sold to plaintiff in accordance with the terms of said deed of trust, and under and in accordance with the provisions of section 2924, Civil Code". A supplemental complaint was subsequently filed by leave of court, setting up in detail the proceedings which are required by the provisions of section 2924 of the Civil Code, including the notice of default. The defendants failed to demur to this supplemental complaint. The original complaint was not demurred to on the ground of

uncertainty. We must assume, in the absence of evidence to the contrary that every essential fact necessary to show exact conformity with the provisions of that section of the code was adequately proved.

█. It was not necessary for the court to adopt specific findings upon each detail of the proceeding for the sale of the property under the trust deed. The court did adopt findings regarding the necessary ultimate facts of this case. It found that Carpenter took the deed of conveyance and possession of the property ''with full knowledge of the fact that his sole grantors, to-wit: Charles A. Menne and Alzada M. Menne, at the time they executed and delivered the deed to him . . . had no title to or interest in said premises.'' The court further found that Carpenter was in the unlawful possession of the property, and that ''he had no right at any time to the possession of said premises above described, either in whole or in part''. No further findings were necessary with respect to the issue of unlawful possession. If further findings regarding the details of the proceedings for the sale of the trust deed were deemed to be necessary, it is apparent that such findings in order to support the judgment would have to be adopted favorable to the plaintiffs. Under such circumstances it is not reversible error for the court to fail to adopt such findings.

█ Since the appeal is presented on the judgment roll alone, the findings must receive a liberal construction for the purpose of upholding the judgment rather than to defeat it. Since the court has found that A. H. Carpenter was unlawfully in possession of the property, that he took a conveyance of the property from Menne and wife knowing they had no right, title or interest therein, and that the plaintiffs are entitled to possession, it must be inferred that the evidence adequately supports every necessary detail of the proceeding to foreclose the trust deed required to deprive the former owners of title to the property and to confer that title upon McFarland, the purchaser thereof. (*Swing* v. *Lingo,* 129 Cal. App. 518 [19 Pac. (2d) 56]; *Breeze* v. *Brooks,* 97 Cal. 72, 77 [31 Pac. 742, 22 L. R. A. 257]; *Paine* v. *San Bernardino etc. Co.,* 143 Cal. 654 [77 Pac. 659]; *Ochoa* v. *McCush,* 213 Cal. 426 [2 Pac. (2d) 357].)

█ We are of the opinion the item of $73.71, as interest on the amount of damages awarded, was improperly allowed.

Clearly the amount of damages which was allowed was unliquidated. It was ascertained only after receiving evidence as to the reasonable rental value of the property. The amount of damages was not based on a fixed or agreed monthly rental for the property. It represents the detriment to the owner because of the unlawful detention of the property, which could not be computed except from testimony which was adduced showing the reasonable rental value thereof. The item of interest should therefore be disallowed. (*Samuels* v. *Singer*, 1 Cal. App. (2d) 545, 554 [36 Pac. (2d) 1098, 37 Pac. (2d) 1050]; *Cox* v. *McLaughlin*, 76 Cal. 60, [18 Pac. 100, 9 Am. St. Rep. 164]; *Easterbrook* v. *Farquharson*, 110 Cal. 311 [42 Pac. 811]; *Coburn* v. *Goodall*, 72 Cal. 498 [14 Pac. 190, 1 Am. St. Rep. 75].)

The judgment is modified by striking therefrom the allowance of the item of interest in the sum of $73.71. As so modified, the judgment is affirmed, respondent to recover costs on appeal.

Pullen, P. J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 16, 1937, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 15, 1937.