[Civ. No. 13093. First Dist., Div. Two. Oct. 29, 1946.]

FRANCES GREENBERG et al., Respondents, v. HERMAN KOPPELOW et al., Appellants.

Charles A. Christin and Thomas J. Keegan for Appellants.

Charles N. Douglas and Joseph A. Brown for Respondents.

GOODELL, J.—In this unlawful detainer action judgment was awarded for the restoration of possession to the plaintiffs, $1,150 damages for wrongful detention, $500 attorney fees, and costs.

The judgment, dated July 18, 1945, shows that the $1,150 was for "damages already accrued at the rate of $500.00 per month commencing May 11, 1945."

On January 17, 1938, the predecessors of respondents, as lessors, and the predecessor and assignor of appellants, as lessee, entered into a written lease of the apartment house in question at 1327 Leavenworth Street, San Francisco, for the term of 7 years ending on October 30, 1944, at the monthly rental of $225 for the first 2 years and $250 for the last 5. During the term the respondents purchased the property.

The appellants were then in possession as assignees of the original lessee and so continued.

From the expiration of the lease, on October 30, 1944, until the service, on April 9, 1945, of a 30-day notice to quit (as to which notice, its form, timeliness and service, there is no controversy) the appellants admittedly were in possession. The present action is not concerned with the unpaid rent for that intervening period or for any time prior to May 11, 1945, when the 30-day notice expired; other actions deal therewith.

The only question presented for decision is as to the size of the money judgment. The appellants contend that the court was bound to compute the damages at the rate of $300 a month by virtue of the following provision in the lease: "13. Any holding over after the expiration of the term hereof without the consent of Lessor shall be deemed to be a tenancy from month to month at a monthly rental of Three Hundred Dollars ($300.00) and shall continue to be on the same terms and conditions as herein specified."

Section 1161, Code of Civil Procedure, provides that "A tenant of real property . . . is guilty of unlawful detainer: . . . When he continues in possession, . . . after the expiration of the term for which it is let to him, without the permission of his landlord. . . ." Paragraph 13 of the lease speaks of a holding over "without the consent of Lessor." Because of this coincidence of language between statute and lease the appellants argue that "under the plain and unequivocal language of Section 13 of the lease quoted above, rental damages were restricted to the sum of $300 per month" and, further, that "Section 13 of the lease covers the exact situation existing in the present case, and cannot be construed to cover any other situation. . . . No other situation than the instant one can be conceived where section 13 would have any application . . . the plain and unambiguous language of the contract must be given effect."

The parties to this lease themselves characterized the holding over as "a tenancy from month to month." As long as such holding over was permitted to run on, as it was here, the monthly rental was something about which the parties could contract, but such month to month tenancy was, of course, subject to termination "by the giving of notice by one party or the other, in the manner prescribed by law." (15 Cal.Jur. 805.) Such notice was given on April 9, and

expired on May 11, 1945. That terminated the tenancy. ■ On May 22 respondents filed this action in unlawful detainer, which form of action ''does not arise upon contract, but sounds in tort. . . .'' (15 Cal.Jur. 850.) ■ By the election of the respondents to serve notice and sue, their former *tenant* was automatically converted into a *wrongdoer* (see 32 Am.Jur. 779, citing *Blumenberg* v. *Myres,* 32 Cal. 93 [91 Am.Dec. 560]) or a *trespasser* (compare *Cowell* v. *Snyder,* 15 Cal.App. 634, 638 [115 P. 961]).

■ An analysis of paragraph 13 of the lease shows that appellants' contention that the $300 provision found in paragraph 13 should be binding on the court as the measure of damages cannot be supported. In the first place it is a contradiction in terms to say that a ''holding over . . . without the consent of Lessor'' *after a 30-day notice has been given and a suit filed* can be ''deemed to be a tenancy from month to month.'' Second, such possession after notice and suit cannot possibly call for ''rental.'' It calls for ''damages'' (Code Civ. Proc., § 1174). Third, such erstwhile tenant after becoming a trespasser or wrongdoer can no longer be in possession ''on the same terms and conditions'' as specified in the original lease. If he could, such tenancy could never be terminated. And yet these three elements—*tenancy, rental* and *similar terms and conditions* were all used in the same sentence in the lease and were interrelated. That they must have been meant to refer only to a holding over before, and not after, notice and suit, is self-evident.

The judgment is affirmed.

Nourse, P. J., and Dooling, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied December 23, 1946.