[Civ. No. 15981.   Second Dist., Div. Two.   Dec. 15, 1947.]

MANUEL H. HAIG, Respondent, v. PATRICIA
NOBLESSE HOGAN, Appellant.

Mason & Howard and Shafer & Grimm for Appellant.

J. Marion Wright and Owen Kupfer for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after
trial before the court without a jury in an action for unlawful
detainer defendant, Patricia Noblesse Hogan, appeals.

The facts are these:

The property herein involved consists of a dwelling used
for housing accommodations.   Prior to 1942, it was sold to

the State of California because the taxes assessed against it had become delinquent. After 1942, defendant entered into two leases concerning the property, one lease being with the controller of the State of California, and the other lease being with a former title holder of the premises. Defendant went into possession of the premises under these leases.

On February 11, 1946, defendant entered into an agreement with the city of Los Angeles wherein she was recognized as the tenant in occupancy of the premises, and agreed that she would vacate them within 90 days after demand for possession. On February 20, 1946, the city of Los Angeles, at an auction sale, sold the property to plaintiff, and thereafter on February 25, 1946, the State of California deeded it to the city of Los Angeles and cancelled the lease. Defendant was given notice of the sale of the property to plaintiff and demand was made for possession.

Defendant has not paid any rent to plaintiff, and on May 31, 1946, a three-day notice to vacate the property was served upon defendant. Upon defendant's refusal to vacate it, the present action was commenced. The property was located in an ''R-1'' zone which permits use for single family residence only. Defendant, in violation of the zoning ordinance, operated the premises as a hotel, rooming and boarding house.

There are two questions presented for our determination:

First: *Was plaintiff entitled to maintain the unlawful detainer action without complying with the federal rent regulations?*

This question must be answered in the affirmative. Under the federal rent control laws, it was unnecessary to comply with the provisions of the acts mentioned by defendant before bringing an action of unlawful detainer if the party in possession was using the housing accommodations for an illegal purpose. (§ 6a (3) (ii) of the Rent Regulations for Housing.)

In the present case, defendant admitted that she was operating the premises as a boarding house. This was contrary to the zoning ordinance of the city of Los Angeles which provides that it is a misdemeanor for a person to use premises in violation of the provisions of such ordinance. (§ 11.00(m) of the Los Angeles Municipal Code.)

Defendant had been served with a notice to cease and desist by the city of Los Angeles which she disregarded to and including the date of the trial. Notice of the time and place of

the trial and a description of the action were duly served upon the office of price administration in accordance with the federal regulations existing at that time.

In view of the fact that defendant was using the property for an illegal purpose, the foregoing facts show a sufficient compliance with all applicable federal rent regulations.

■ Second: *Was the award of $870 per month for unlawfully withholding the possession of the premises supported by substantial evidence?*

This question must likewise be answered in the affirmative. An expert witness, Mr. Kadletz, testified that a fair rental value of the property on the open market at the time of the trial was $1,000 per month. This testimony constituted substantial evidence to sustain the trial court's finding that the damage for withholding the property was $870 per month. There is no merit in defendant's contention that the amount of damage was limited by the "ceiling price" of the property in the amount of $300 per month. ■ It is established that damages awarded by a court in an unlawful detainer action for withholding possession of the property are not "rent" but are in fact damages. (*McFarland* v. *Carpenter,* 18 Cal.App.2d 205, 210 [63 P.2d 859].) ■ It is likewise settled that the rent control regulations have no application to an award of damages for unlawfully withholding property. (*Bryant* v. *Marstelle,* 76 Cal.App.2d 740, 747 [173 P.2d 846] ; *Greenberg* v. *Koppelow,* 76 Cal.App.2d 631, 634 [173 P.2d 821].)

*Ricci* v. *Claire,* 21 N.J. Misc. 266 [33 A.2d 591] ; *Jordan* v. *Moore,* —— Mo.App. —— [194 S.W.2d 948], are not here in point for the reason that these decisions are from other states and are in conflict with the rulings of our own appellate courts, which, of course, are controlling.

In view of the foregoing, it is unnecessary to discuss other points presented.

The judgment is affirmed.

Moore, P. J., and Wilson, J., concurred.

A petition for a rehearing was denied January 5, 1948, and appellant's petition for a hearing by the Supreme Court was denied February 9, 1948.