[S.F. No. 22992. In Bank. Jan. 15, 1974.]

EVELINE HALL, Petitioner, v.
THE MUNICIPAL COURT FOR THE SAN FRANCISCO
JUDICIAL DISTRICT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
JEFF McGASKEY, Real Party in Interest.

## COUNSEL

Gilbert T. Graham and Lawrence L. Curtice for Petitioner.

Allan David Heskin, Myron Moskovitz and Rosalyn M. Chapman as Amici Curiae on behalf of Petitioner.

No appearance for Respondent.

Williams & James, Joseph B. Williams and Benjamin D. James, Jr., for Real Party in Interest.

## OPINION

**TOBRINER, J.**—In this proceeding, petitioner Eveline Hall seeks a writ of mandate and/or prohibition to compel the San Francisco Municipal Court to vacate a judgment rendered against her in an unlawful detainer action, on the ground that the municipal court failed to give appropriate consideration to her claim that the landlord had breached an implied warranty of habitability. Although we have held this day in *Green v. Superior Court, ante,* p. 616 [111 Cal.Rptr. 704, 517 P.2d 1168], that a warranty of habitability is implied by law in residential leases in California, and that a landlord's breach of such a warranty is available as a defense in an unlawful detainer action, the record in the instant case does not support petitioner's claim that the municipal court erred in its treatment

of these issues. Accordingly, we have determined that the requested writ must be denied.

On September 25, 1972, petitioner's landlord, Jeff McGaskey, commenced an unlawful detainer action in the San Francisco Municipal Court based upon petitioner's failure to pay $160 rent for the month of September. In her answer, the tenant admitted that she had refused to pay rent for that month, but she defended her refusal on the ground that the landlord had failed to maintain the premises in a habitable state. In support of this contention, petitioner attached to her answer copies of official city inspection reports detailing some 40 separate violations of the city's housing code, as well as a certified copy of a "Notice of Condemnation" declaring the premises in question "unsafe" and a "public nuisance." Both the inspection reports and the condemnation notice were rather dated, however, the former being from May 1971, and the latter from November 1971.

At trial, defendant landlord objected to the admission of any evidence relating to the alleged uninhabitability of the premises, but the trial court, apparently relying upon the Court of Appeal opinion in *Hinson* v. *Delis* (1972) 26 Cal.App.3d 62 [102 Cal.Rptr. 661], overruled these objections and permitted the tenant to present evidence on the uninhabitability issue. Thereafter, the landlord apparently controverted at least some of the tenant's testimony. At the conclusion of the presentation of this evidence, the trial court ruled in favor of the landlord in his claim for possession of the premises.[1]

Petitioner now claims that the trial court's determination necessarily rests upon an erroneous legal conclusion that a breach of warranty of habitability is not a defense in an unlawful detainer action. In response, however, the landlord points out that the trial court's ruling could equally reflect the court's determination that, as a factual matter, the tenant had failed to demonstrate a breach of warranty. Under established principles, of course, a lower court judgment is presumed correct, and when a lower court has made no specific findings of fact, it is presumed that the court made such implied findings as will support the judgment. (See, e.g., *Walling* v. *Kimball* (1941) 17 Cal.2d 364, 373 [110 P.2d 58]; cf. *Minton* v. *Cavaney* (1961) 56 Cal.2d 576, 579, fn. 1 [15 Cal.Rptr. 641, 364 P.2d 473]. See generally 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 235, pp. 4225-4226.)

---

[1]The landlord's complaint had requested both possession and money damages for back rent. At the conclusion of the trial, however, the landlord waived any claim for back rent.

▆ In the instant case the trial court made no explicit findings of fact,[2] and thus, as the landlord suggests, on the present state of the record we must presume that the court's decision rests on a factual determination that no breach of warranty occurred, rather than on an erroneous legal determination that the breach of a warranty of habitability could not be raised in an unlawful detainer action. Moreover, such a presumption is not at all unreasonable in this case, for the trial court did permit the tenant to introduce evidence on the breach of warranty issue, despite the landlord's objection.

Thus, the present record does not demonstrate any grounds for disturbing the judgment of the municipal court. Accordingly, the requested writ must be denied.

The alternative writ of prohibition is discharged and the petition for a peremptory writ is denied.

Wright, C. J., McComb, J., Mosk, J., Burke, J., Sullivan, J., and Clark, J., concurred.

---

[2]The tenant made a timely request that the municipal court issue written findings of fact and conclusions of law, but the court declined, holding that such written findings were not required under section 632 of the Code of Civil Procedure, which provides that "[i]n municipal courts . . . the court shall not be required to make any written findings and conclusions in any case in which the amount of the demand . . ., or the value of the property in controversy, does not exceed one thousand dollars ($1,000)." The tenant contends that although only $160 rent was at issue, findings were required because "the value of the property in controversy"—assertedly the value of the apartment itself—exceeded $1,000. The tenant, however, has no claim of ownership of the apartment in question; the "property in controversy" in this case is at most the unexpired term of the tenant's lease. Since the tenant enjoyed only a month-to-month tenancy, it is clear that the value of such "property" does not exceed $1,000. Thus, the court's refusal to make written findings is supported by section 632.