Opinion
DOZIER, P. J. J.—
I
Case Summary
The important facts of this case are as follows: Landlord serves three-day notice and brings suit for unlawful detainer, alleging one month’s rent of $235 to be due and unpaid. Defendant asserts the defense of breach of implied warranty of habitability. At the trial, substantial evidence in support of such defense is admitted into evidence, and the settled statement summarizes such evidence, but with no *Supp. 26 indication as to the trial court’s finding on same. The trial court adjudges that plaintiff landlord recover possession, but that the amount of rent owing is $100 rather than $235. There are no findings or conclusions. Defendant appealed from the judgment but did not seek a stay of execution or a protective order pending the appeal, and has vacated the premises pursuant to the judgment.
On this appeal, defendant now seeks a ruling that the trial court may not give judgment of possession to the landlord after finding by implication breach of an implied warranty of habitability, without first giving the tenant an opportunity to pay the reduced rent found owing, citing Green v. Superior Court, 10 Cal.3d 616 [111 Cal.Rptr. 704, 517 P.2d 1168].
In addition, the settled statement discloses that plaintiff landlord had, in open court, expressly waived payment of any rent. Despite this waiver, the trial court awarded the landlord $100 rent. The waiver raises the question whether a judgment of possession can be given to a landlord in an unlawful detainer action based solely upon a three-day notice demanding the payment of rent or quit, where rent is no longer being demanded. This issue has not been raised in the briefs or oral argument.
II
Discussion
A. Is a Reversal Required for Failure of the Trial Court to Give Defendant an Opportunity to Pay the Reduced Rent Found Owing After an Implied Finding of Violation of the Implied Warranty of Habitability Before Ordering Defendant to Vacate the Premises?
This issue is not moot by reason of defendant’s vacation of the premises. She did so compulsorily, pursuant to a judgment of possession in plaintiff. Her failure to request a stay of execution pending appeal, or a protective order, does not deprive her of the right to a determination that the judgment of possession was erroneous after an implied finding was made in her favor on the affirmative defense.
In the Green v. Superior Court, 10 Cal.3d 616 [111 Cal.Rptr. 704, 517 P.2d 1168], case the trial court found for the landlord after expressly refusing to permit the implied warranty defense to be asserted. In issuing an alternative writ, the Supreme Court stayed execution of *Supp. 27 the judgment conditioned upon the tenant paying into court the amount of the accrued rent and all future rent to fall due. However, the tenant failed to do so and quit the premises voluntarily. The Supreme Court, in its decision, therefore concluded that the only issue for determination upon remand was the amount of money damages owing to the landlord.
That is not the case here. Defendant is still entitled to a determination of her right to possession even though she obtained no stay of execution and has quit the premises.
The trial court’s award of possession to the landlord after impliedly finding a breach of the implied warranty of habitability disregards the very purpose and meaning of the Green decision, which is that a tenant of a residential premise may interpose the defense of breach of implied warranty of habitability to an unlawful detainer action for possession, which defense, if established, would defeat the action and would result in the tenant’s retention of the premises upon payment of the reduced rent found due. Said the Green court (at p. 635): “Once we recognize that the tenant’s obligation to pay rent and the landlord’s warranty of habitability are mutually dependent, it becomes clear that the landlord’s breach of such warranty may be directly relevant to the issue of possession. If the tenant can prove such breach by the landlord, he may demonstrate that his nonpayment of rent was justified and that no rent is in fact ‘due and owing’ to the landlord. Under such circumstances, of course, the landlord would not be entitled to possession of the premises. (See Skaggs v. Emerson (1875) 50 Cal. 3, 6; Giraud v. Milovich (1938), 29 Cal.App.2d 543, 547-549 [85 P.2d 182].)” (Italics added.) Then again at page 639: “In the instant case, the tenant has already quit the premises and thus the only matter to be determined on remand is the question of money damages owing to the landlord. In unlawful detainer actions generally, however, if the trial court determines that the landlord’s breach of warranty is total, and that the tenant owes no rent whatsoever, the court should, of course, enter judgment for the tenant in the unlawful detainer action. If the court determines, however, that the damages from the breach of warranty justify only a partial reduction in rent, the tenant may maintain possession of the premises only if he pays that portion of the back rent that is owing as directed by the trial court. [Citations.] If the tenant fails to pay such sum, the landlord is entitled to a judgment for possession. Finally, of course, if the trial court finds that the landlord has not breached the warranty of habitability, it should immediately enter judgment in favor of the landlord.”
*Supp. 28 There are two California Law Review articles which commented on the Green decision shortly after its pronouncement, and which support this conclusion that a finding in favor of the tenant on the defense of breach of an implied warranty of habitability precludes a judgment of possession in favor of the landlord.
In 62 Cal. L. Rev. 1444, Myron Moscovitz commented as follows on the new defense of breach of implied warranty of habitability in unlawful detainer actions, as permitted by Green (at p. 1446): “The procedure for raising the defense, as contemplated by Green and Hinson, may be briefly summarized. The tenant first notifies the landlord of the defects. If the landlord fails to remedy the problems within a reasonable time, the tenant may stop paying rent until repairs are made, whereupon the obligation to pay the contract rent resumes. If the landlord sues to evict the tenant for nonpayment of the withheld rent, the tenant’s answer may allege the facts constituting the breach of implied warranty. Under certain conditions the court may thereupon enter a protective order compelling the tenant to pay into court the rent as it comes due thereafter. If the tenant proves his defense at trial, the finder of fact must determine a reasonable rent for the period of the breach. The court then gives the tenant reasonable time to pay this sum to the landlord. Compliance by the tenant precludes eviction.” (Italics added.)
In another article at 63 Cal. L. Rev. 1098, in discussing the remedy of rent abatement in unlawful detainer actions based upon the defense of breach of an implied warranty of habitability, it was said, at page 1108: “Perhaps the greatest shift in the alteration of the traditional landlord-tenant relationship, and the one most consistent with the application of contract principles, is rent abatement. This remedy allows tenants to remain in possession of the premises without paying rent or by paying a reduced amount until housing defects are remedied. Once it has been determined that the landlord is at fault, the tenant generally pays only an amount equal to the reasonable value of the premises.” (Italics added.)
B. Is This Case Distinguishable From Hall v. Municipal Court, 10 Cal. 3d 641?
The Hall case was decided by the Supreme Court at the same time as the Green case, but with a contrary result. In Hall, the landlord commenced an unlawful detainer action against the tenant based upon failure to pay one month’s rent of $160. The tenant asserted breach of *Supp. 29 the implied warranty of habitability. The trial court admitted evidence relating to this issue but then ruled in favor of the landlord without making any express findings. As here, the landlord waived in open court any claim for back rent. The Supreme Court concluded that, in the absence of any express findings, and on the state of the record presented to it, it must be presumed that the trial court’s decision rested upon a factual determination that no breach of warranty occurred, especially in view of the conflict in the evidence on that issue, rather than on an erroneous legal determination that the issue could not be raised in an unlawful detainer action. The petition for a writ of mandamus was, therefore, denied.
Contrary to Hall, the trial court here awarded back rent despite waiver of same by the landlord. In so awarding back rent at a reduced rate, it must be presumed that the trial court made an implied finding of breach of implied warranty of habitability that rendered the rented premises only partially habitable, thus justifying the award of reduced rent. The settled statement expressly sets forth facts that substantially support such an implied finding. Thus, despite the fact that it may have been error to award back rent after such back rent had been waived, the fact that the trial court in this case did award such rent supports the conclusion that, unlike Hall, it did in fact rule upon the affirmative defense asserted by the tenant, and in the tenant’s favor.
C. Is a Reversal Required Because the Trial Court Awarded Back Rent of $100 After Plaintiff Landlord Had Waived All Back Rent in Open Court?
In the Hall case, the landlord waived back rent and the trial court accordingly awarded no back rent but nevertheless gave judgment of possession to the landlord in a three-day notice (pay rent or quit) action. Here, the trial court awarded back rent despite the landlord’s waiver of same, but in a reduced amount, indicating that it recognized the validity of the claim of breach of implied warranty of habitability.
The Hall court obviously did not consider the effect of the waiver of back rent as it pertained to the basis for bringing an unlawful detainer action based upon a “pay rent or quit” notice under Code of Civil Procedure section 1161, subdivision 2. If the landlord admits that there is no rent due, there is no basis remaining for seeking recovery of possession, and it would seem unavoidable that a 30-day termination of *Supp. 30 tenancy notice under Civil Code section 1946 would be necessary for bringing unlawful detainer.
In a reverse situation, in Castle Park No. 5 v. Katherine, 91 Cal.App.3d Supp. 6 [154 Cal.Rptr. 498], it was held that an unlawful detainer proceeding based on a 30-day termination of tenancy notice could not be founded on a default in the payment of rent, because, unlike an action based on a 3-day notice to pay rent or quit, in which proof of nonpayment of rent is necessary to establish plaintiff s right to possession, evidence respecting payment of rent is irrelevant to the right of possession under a 30-day notice.
Ill
Conclusion
The judgment is reversed because (a) it ordered eviction without giving the tenant the opportunity to pay the reduced rent and (b) because it awarded $100 back rent despite the lessor’s express waiver in open court.
Cechini, J., concurred.