Opinion
FOSTER, J.
Plaintiff-lessor Alexander Lehr sued Ethel Crosby and Myra Hazlett in unlawful detainer. Before this court are cross-appeals from a judgment for plaintiff and against only Myra Hazlett.
The complaint, filed August 24, 1979, alleges that defendants became tenants in plaintiff’s apartment building pursuant to an oral agreement by which defendants were to pay rent of $385 per month. The July 20, 1979, payment was not made. On August 17, 1979, a three-day notice to pay rent or quit was served upon defendants but no part of the delinquent rental has been paid.
Both Crosby and Hazlett answered. In addition to a general denial, they pleaded as an affirmative defense a breach of implied warranty of habitability.
Trial, on October 5, 1979, was without a jury. After plaintiff had rested his case, Crosby moved for judgment pursuant to Code of Civil Procedure section 631.8, based upon evidence that she had vacated the apartment prior to July 20, 1979. The motion was granted.[1] When all *Supp. 5 the evidence had been received, Hazlett moved to dismiss the action on the ground that service of plaintiff’s three-day notice to pay rent or quit was insufficient. The motion was denied. Judgment was given, awarding plaintiff possession of the premises, unpaid rent of $410.56, damages of $200, and costs. The trial judge made specific findings that the premises were tenantable and were not uninhabitable.
One contention by Hazlett on appeal is that the trial judge erred in denying her motion to dismiss for failure to give proper notice to pay rent or quit. Substituted service of the notice was made by delivering a copy to Hazlett’s 16-year-old daughter, Sherri, and mailing a copy to defendant. The paper was handed to the daughter by plaintiff’s attorney who told her it was important and to give it to her mother. Instead, she placed it on a table in her bedroom. The mother later discovered the document on Sherri’s bedroom floor.
Defendant contends that the method of service was improper because Code of Civil Procedure section 1162, subdivision 2, allows substituted service only when the tenant cannot be found at either his residence or his place of business. She urges that it was incumbent upon the process server to attempt service at both locations before delivery of the notice to another person at either place. But there is no evidence in the record that Hazlett had a place of business, nor, in fact, does she so allege on appeal. Lacking such evidence, we believe the trial judge correctly concluded that an attempt to serve her at the one location where she might be found satisfies the requirements of the statute.[2]
Section 1162, subdivision 2, permits service of the notice “by leaving a copy with some person of suitable age and discretion at either place ....” Defendant argues that a 16-year-old girl cannot be considered to be a person of suitable age and discretion. She refers to Code of Civil Procedure section 415.20, which permits substituted service of summons by leaving a copy in the presence of “a competent member of the household ... at least 18 years of age ....” She would construe the phrase “suitable age and discretion” as requiring a minimum age of 18 years.
*Supp. 6 It is readily apparent, however, that subdivision 2 of section 1162, which has remained in essentially this form for more than a hundred years, contains no fixed minimum age of the recipient, and we decline to read one into it. The Legislature has apparently decided to leave the determination of a “suitable age” a flexible one, subject to the discretion of the trial court. In the matter before us, we note that Sherri was a witness at the trial, and the trial judge had full opportunity to observe her demeanor and her apparent intelligence and level of maturity. On the record before, us we cannot say that he abused his discretion in determining that she was of suitable age and discretion to accept delivery of the notice.[3]
In Green v. Superior Court (1974) 10 Cal.3d 616 [111 Cal.Rptr. 704, 517 P.2d 1168], the Supreme Court held that a lease establishing a landlord-tenant relationship includes an implied warranty of habitability of residential premises, the breach of which can be asserted as a defense to an unlawful detainer proceeding. If such a breach is found, the trial judge is empowered to determine the amount of damages caused by such breach and offset them against the obligation to pay rent. If there is a partial reduction of rent, the tenant may maintain possession of the premises only if he pays the portion of back rent directed by the trial court. Then, if the tenant fails to pay the sum directed, the landlord is entitled to possession (10 Cal.3d at p. 639). On the other hand, if there are defects in the premises not amounting to a breach of warranty, judgment should be entered for the landlord for possession without reduction of rent. (Id., at pp. 637-638.)
The trial judge in the present case awarded possession of the premises to plaintiff on the specific findings that they were tenantable and not uninhabitable. Whether they were uninhabitable is a question of fact. (Hall v. Municipal Court (1974) 10 Cal.3d 641, 643-644 [111 Cal.Rptr. 721, 517 P.2d 1185].)
Defendant urges that the evidence, as a matter of law, compels a finding that the premises were uninhabitable. She relies upon her testimony and of members of her family tending to show certain defective *Supp. 7 conditions of the premises and that she withheld payment of rent because of plaintiff's failure to make necessary and promised repairs. Plaintiff in response testified that all needed repairs had been made, that certain conditions of which defendant complained had been caused by defendant herself and her family, and in any event the claimed defects were not sufficiently serious to render the apartment uninhabitable. Since this factual determination rests upon conflicting evidence, we are not free to disturb it. (Crawford v. Southern Pacific Co. (1935) 3 Cal.2d 427, 429 [45 P.2d 183].)
The trial judge awarded plaintiff $410.56 for unpaid rent and $200 damages. Defendant points out that the $200 award when measured against her six weeks occupancy between expiration of the three-day period to pay rent or quit and the date of judgment amounts to approximately $133 per month, an amount slightly more than one-third the agreed rental. Relying upon Lee v. Vignoli (1979) 98 Cal.App.3d Supp. 24, 29 [160 Cal.Rptr. 79], she contends that such reduction in value of the use of the property can be attributed only to conditions making the premises uninhabitable, and consequently this court should conclude that the trial judge impliedly found in her favor on that issue. Plaintiff, on the other hand, contends that he is entitled to receive rents until the time of judgment which, when computed at the rate of $385 per month called for in the rental agreement, would total $962.50. He urges that the judgment be modified to conform to that sum.
In Lee v. Vignoli, supra, the lessor sued for unlawful detainer after serving notice to quit or pay one month’s rent amounting to $235. The tenant asserted the defense of uninhabitability. The trial judge gave judgment awarding the lessor possession but, despite the lessor’s waiver of any claim to back rent, gave him $100. The appellate court construed that action of the trial judge as an implied finding in the tenant’s favor on the uninhabitability defense. Its apparent reasoning was that Green permitted a reduction in rent only to offset damages for breach of the implied warranty of habitability and that a determination of uninhabitability was the only explanation for the trial judge’s reduction of the accrued rental.
In the present case there is no room for an implied finding of uninhabitability in view of the trial judge’s express findings that the premises were tenantable and inhabitable. Furthermore, there was no attempt by *Supp. 8 the trial judge to reduce the rent which had accrued prior to the effective date of plaintiff’s three-day notice to pay rent or quit.[4]
Plaintiff argues that the trial judge erred in failing to award an amount equivalent to the agreed rental for the defendant’s occupancy between expiration of the three-day notice and judgment. He contends that when a tenant continues to occupy premises after expiration of the lessor’s notice to pay rent or quit, the lessor is entitled to continue to collect rent until the time of trial. (Cf. Garfinkle v. Montgomery (1952) 113 Cal.App.2d 149, 153 [248 P.2d 52]; Cavanaugh v. High (1960) 182 Cal.App.2d 714, 722 [6 Cal.Rptr. 525].) We believe that the correct statement of the rule is that the lessor is entitled to damages for the unlawful detainer predicated upon the fair rental value of the property. (Stockton Morris Plan Co. v. Carpenter (1936) 18 Cal.App.2d 205, 214 [63 P.2d 859]; Haig v. Hogan (1947) 82 Cal.App.2d 876, 878 [187 P.2d 426]; Johnson & Moskovitz, Cal. Real Estate Law and Practice (1981) Landlord and Tenant, § 210.75, pp. 210-68 to 210-69.)
Although at common law breach of a covenant to pay rent did not effect a forfeiture of a lease, that rule has been modified by California’s unlawful detainer statutes which permit the lessor, upon compliance with statutory notice requirements, to declare a forfeiture and terminate the lease for nonpayment of rent. (Sexton v. Nelson (1964) 228 Cal.App.2d 248, 256 [39 Cal.Rptr. 407].) Upon his service of a notice, in accordance with section 1161 of the Code of Civil Procedure, to pay rent or quit and to effect a forfeiture of the lease for the tenant’s noncompliance within the stated period, the tenancy is forfeited as of the end of the period. (Downing v. Cutting Packing Co. (1920) 183 Cal. 91, 95-96 [190 P. 455].)
Section 1174 of the Code of Civil Procedure provides that if findings favorable to the lessor are made, based upon default in the payment of rent, “judgment shall be entered for restitution of the premises” and shall also declare the forfeiture of the lease “if the notice required by Section 1161 of the code states the election of the landlord to declare the forfeiture thereof....”[5]
 In addition, the court *Supp. 9 “shall also assess the damages occasioned to the plaintiff by any ... unlawful detainer, alleged in the complaint and proved on the trial, and find the amount of any rent due,[6] if the alleged unlawful detainer be after default in the payment of rent.” (Code Civ. Proc., § 1174, subd. (b).)
“If a tenant unlawfully detains possession after the termination of a lease, the landlord is entitled to recover as damages the reasonable value of the use of the premises during the time of such unlawful detainer. He is not entitled to recover rent for the premises because the leasehold interest has ended.” (Glouberman v. Coffey (1956) 138 Cal.App.2d Supp. 906, 907 [292 P.2d 681]; see also Samuels v. Singer (1934) 1 Cal.App.2d 545, 553 [36 P.2d 1098, 37 P.2d 1050] [holding that recovery is for “the value of the use of the property for the time of such occupation” on either a tort theory or a theory of implied in law contract]; Stockton Morris Plan Co. v. Carpenter, supra, 18 Cal.App.2d at pp. 213-214.)
The amount agreed between the parties as rent is evidence of the rental value of the property. (Harris v. Bissell (1921) 54 Cal.App. 307, 312 [202 P.2d 453].)[7] But, “[s]ince the action is not upon contract [citation], but for recovery of possession and, incidentally, for the damages occasioned by the unlawful detainer, such rental value may be greater or less than the rent provided for in the lease.” (Harris v. Bissell, supra, 54 Cal.App. at pp. 312-313 [holding that the evidence compelled a finding of a value less than that provided in the rental agreement]; cf. Haig v. Hogan, supra, 82 Cal.App.2d at pp. 877-878 [holding the reasonable rental value of $1,000 per month properly awarded despite a federal rent control ceiling of $300 per month].)
*Supp. 10 In each of the cited cases, there was evidence establishing a specific rental value at a figure differing from the agreed rent. On the record before us, we are unable to find evidentiary support for a damage award of $200. That award presupposes a rental value for the six weeks unlawful detainer of $133 per month, a reduction of almost two-thirds from the previously agreed amount. There appear to have been no differences in the condition of the premises or the circumstances of the occupancy which would establish such a marked reduction in rental value. Since there is no evidence in the record which would support a specific damage award of $200, the judgment as to that item must be reversed and the cause remanded for trial on the sole issue of damages. (Kitchel v. Acree (1963) 216 Cal.App.2d 119, 126 [30 Cal.Rptr. 714].)
Finally, plaintiff contends that the trial judge erred in failing to include in the judgment an amount of daily rental for continued unlawful occupancy by defendant after the judgment. Such item is not properly included in the judgment in an unlawful detainer action. (Pfitzer v. Candeias (1921) 53 Cal.App. 737, 741-742 [200 P. 839].)
Judgment, insofar as it awards to plaintiff the sum of $200 as damages,[8] is reversed and remanded with directions to retry the single issue of damages. In all other respects, it is affirmed with costs to respondent and cross-appellant Lehr against appellant and cross-respondent Hazlett. Cross-respondent Crosby shall have her costs on appeal from cross-appellant Lehr.
Fainer, P. J., and Jones, J., concurred.

 Although plaintiff filed a notice of appeal from the judgment in favor of Crosby, he presents no argument concerning her in his brief. We deem the appeal as to her to be abandoned.

We need not determine here what steps need be taken if defendant had a business address to ascertain it and attempt service there. It is obvious that, if she had no place of business, no amount of effort could ever discover it.

We further note that defendant, by her own testimony, in fact saw the notice on Sherri’s bedroom floor. Implying all logical and reasonable findings in support of the judgment, as we are required to do (Lamey v. Masciotra (1969) 273 Cal.App.2d 709, 713-714 [78 Cal.Rptr. 344]), we infer that plaintiff received actual notice. (Cf. Highland Plastics, Inc. v. Enders (1980) 109 Cal.App.3d Supp. 1, 7, fn. 2 [167 Cal.Rptr. 353].)

In this connection, we note that the trial judge awarded rental at the agreed rate of $385 per month, averaged out as of $12.83 per day, for the 32 days between the last payment and the forfeiture of defendant’s tenancy.

If the notice does not state the landlord’s election to declare a forfeiture, no forfeiture is declared in the judgment but the tenant or any subtenant has five days in which *Supp. 9 to pay the delinquent rent, with interest and damages, “and thereupon the judgment shall be satisfied and the tenant be restored to his estate.” (Code Civ. Proc., § 1174, subd. (c).) We have reviewed plaintiffs notice in this case. It adequately states plaintiffs intent to declare a forfeiture upon noncompliance with the notice. (Cf. A.H. Busch Co. v. Strauss (1930) 103 Cal.App. 647, 649 [284 P. 966]; Neuhaus v. Norgard (1934) 140 Cal.App. 735 [35 P.2d 1039] [and cases collected at pp. 738-742].)

The amount of rent due was specifically found by the trial judge in the present case to be $410.56.

Since commonly the only evidence before the trial court of the rental value is the amount specified in the terminated lease agreement, as a practical matter trial judges often simply calculate the number of days between the last payment of rent and the judgment and multiply that number by the monthly rental averaged as a daily rate and by that method compute both accrued rents and damages.

The judgment awards the plaintiff damages in the sum of $610.56. This form judgment should be corrected to provide for an award of rent and for damages. The settled statement on appeal tells us that the engrossed judgment award was $410.56 for rent and $200 for damages.